# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Eisenberg v. New York City Department of Education | Eastern District | Judge Hector Gonzalez |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| | 1/2/26 | 24cv01661(HG)(VS) |

| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| | 2/2/26 | ☐ Yes   ✔ No |

| Attorney(s) for Appellant(s): | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: |
|---|---|
| ✔ Plaintiff <br> ☐ Defendant | Michael J. Eisenberg, pro se <br> 23-50 Waters Edge Dr Apt. 6L Bayside, NY 11360 <br> (516)395-7644 <br> mjeisenberg@gmail.com |

| Attorney(s) for Appellee(s): | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: |
|---|---|
| ☐ Plaintiff <br> ✔ Defendant | Michael Huang Shang <br> New York City Law Department <br> 100 Church St. NY, NY 10007 <br> (212)356-2375 <br> micshang@law.nyc.gov |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ✔ No |
|---|---|---|---|
| No | 50 | None | If Yes, provide the following: <br><br> Case Name: <br><br> 2d Cir. Docket No.:    Reporter Citation: (i.e., F.3d or Fed. App.) |

*ADDENDUM "A":* COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B":* COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☐ Diversity | ✔ Final Decision | ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party) | ☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): _____ |

## IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.

FORM C (Rev. October 2025)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**

- [x] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [x] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [x] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**

- [ ] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [x] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [x] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [x] Other (Specify): IIED, Conspiracy Commit Fraud, Libel per se

**3. Contracts**

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**

- [x] Yes
- [ ] No

Will appeal raise a matter of first impression?

- [ ] Yes
- [ ] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [x] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [x] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [x] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant:

| Date: March 16, 2026 | Signature of Counsel of Record: /s/ Michael J. Eisenberg |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.

3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. October 2025)

Addendum A:

## 1. Nature of the Action

This is an employment discrimination and civil rights action brought by a teacher at William Cullen Bryant High School against the New York City Department of Education and individual defendants. Plaintiff seeks monetary and equitable relief for:

- **Discrimination and Retaliation**: Violations of the **Age Discrimination in Employment Act (ADEA)**, the **Americans with Disabilities Act (ADA)**, the **New York State Human Rights Law (NYSHRL)**, and the **New York City Human Rights Law (NYCHRL)** based on Plaintiff's age and disability.

- **First Amendment Retaliation**: Claims under **42 U.S.C. § 1983** alleging retaliation for protected speech related to union activities with the **United Federation of Teachers (UFT)** and matters of public concern.

- **Adverse Employment Actions**: The alleged conduct includes discriminatory treatment compared to younger, non-disabled colleagues, as well as retaliatory "u-ratings," unwarranted OSI/SCI investigations, disciplinary letters, and the loss of overtime opportunities.

- **Supplemental Tort and Federal Claims**: The action further encompasses claims for **Intentional Infliction of Emotional Distress (IIED), Conspiracy to Commit Fraud, Libel per se**, and **Title IX** violations.

## 2. Result Below

On **July 21, 2025**, the District Court (Gonzalez, J.) entered a Clerk's Judgment granting Defendants' motion to dismiss (ECF No. 41). The Court:

- **Dismissed with prejudice** Plaintiff's federal claims under the First Amendment, Title IX, the ADEA, and the ADA for failure to state a claim; and
- **Declined to exercise supplemental jurisdiction** over Plaintiff's remaining state law claims, dismissing them **without prejudice**.

Subsequently, Plaintiff filed a motion to vacate, alter, or amend the judgment and for leave to file a second amended complaint (ECF No. 75). On **January 2, 2026**, the District Court issued an **Order denying that motion** in its entirety. This appeal followed.

Addendum B:

**1. Issue: Whether the District Court erred in dismissing the federal claims (ADEA, ADA, First Amendment, Title IX) with prejudice.**

- **Standard of Review:** *De Novo.*

**2. Issue: Whether the District Court abused its discretion in denying Plaintiff's motion to vacate or amend the judgment and for leave to file a second amended complaint.**

- **Standard of Review:** *Abuse of Discretion.*

**3. Issue: Whether the District Court erred in declining to exercise supplemental jurisdiction over the state and city law claims (NYSHRL, NYCHRL).**

- **Standard of Review:** *Abuse of Discretion.*

Case 1:24-cv-01661-HG-VMS  Document 87  Filed 02/02/26  Page 1 of 1 PageID #: 1011

*** Filed ***
12:00 AM, 02 Feb, 2026
U.S.D.C., Eastern District of New York

# UNITED STATES DISTRICT COURT
## Eastern District of New York

———————————————————— X

MICHAEL EISENBERG

**NOTICE OF APPEAL**

Plaintiff(s),

24 $_{\text{CV}}$ 01661 $_{(}$HG$_{)(}$VMS$_{)}$

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
NAMITA DWARKA; CARLYN ST. AUBAIN; ALLISSA
CREA MASON; VASILIOS MANOLIOS; HENRI HUEZO;
& MOISES MORALES

Defendant(s).

———————————————————— X

## MICHAEL EISENBERG ———————————————— *(name all parties*

*taking the appeal)* *

appeal to the United States Court of Appeals for the Second Circuit from the final **judgment**

entered on 7/21/2025 (date reset 1/02/2026) ————— *(state the date that the judgment was*

*entered).*

Defendants' motion to dismiss granted, Plaintiff's federal claims for violations of the
First Amendment, Title IX, ADEA, and ADA are dismissed with prejudice for failure to
state a claim (Plaintiff's Motion seeking to vacate, alter, or amend the judgment in this

| | |
|---|---|
| Signature | |
| Name | /s/ Michael Eisenberg |
| Prison ID | Michael Eisenberg |
| Address | 23-50 Waters Edge Dr. Apt. 6L |
| | Bayside, NY 11360 |
| Phone | 516-395-7644 |
| Email | mjeisenberg@gmail.com |

{Note to inmate filers: If you are an inmate confined in an institution and you seek the timing benefit of Fed. R. App. P. (4)(c)(1),
complete Form 7 (Declaration of Inmate Filing) and file that declaration with this Notice of Appeal.}

*See Rule 3(c) of the Federal Rules of Appellate Procedure for permissible ways of identifying appellants.

3/18/26, 6:37 PM

Case: 26-234, 03/18/2026, DktEntry: 24.1, Page 7 of 71
Eastern District of New York - LIVE Database 1.8 (Revision 1.8.4)

APPEAL,CASREF,DECLINED-CONSENT,MJI,NPROSE,PROSENEF

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:24-cv-01661-HG-VMS

| | |
|---|---|
| Eisenberg v. New York City Department of Education et al | Date Filed: 03/05/2024 |
| Assigned to: Judge Hector Gonzalez | Date Terminated: 07/21/2025 |
| Referred to: Chief Mag. Judge Vera M. Scanlon | Jury Demand: Plaintiff |
| related Case: 1:25-cv-07014-HG-VMS | Nature of Suit: 442 Civil Rights: Jobs |
| Cause: 42:2000e Job Discrimination (Employment) | Jurisdiction: Federal Question |

**Plaintiff**

**Michael Eisenberg**　　　　　　　　　　represented by **Michael Eisenberg**
23-50 Waters Edge Dr. Apt 6E
Bayside, NY 11260
516-395-7644
Email: mjeisenberg@gmail.com
PRO SE

V.

**Defendant**

**New York City Department of Education**　　represented by **Craig Mungavin**
New York City Law Department
Labor and Employment
100 Church Street
New York, NY 10007
212-356-2420
Email: cmungavi@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shemori Corinthian**
New York City Law Department
Labor and Employment Division
100 Church Street
New York, NY 10007
212-356-4076
Email: scorinth@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Talysia Francis**
Gordon Rees Scully Mansukhani, LLP
Labor and Employment Law
1 Battery Park Plaza
28th Floor
New York, NY 10004
332-323-0714
Email: tfrancis@grsm.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Namita Dwarka**
*Deputy Superintendent Queens South &
Former Principal of William Cullen Bryant
High School in her official and individual
capacity*

represented by **Craig Mungavin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shemori Corinthian**
New York City Law Department
Labor and Employment Division
100 Chruch Street
New York, NY 10007
212-356-4076
Email: scorinth@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carlyn St. Aubain**
*Principal of William Cullen Bryant High
School in er official and individual capacity*

represented by **Craig Mungavin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shemori Corinthian**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Allissa Crea Mason**
*Assistant Principal of Art, Guidance, PPS &
Student Engagement of William Cullen
Bryant High School in her official and
individual capacity*

represented by **Craig Mungavin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shemori Corinthian**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Vasilios Manolios**

represented by **Craig Mungavin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shemori Corinthian**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Henri Huezo** | represented by | **Craig Mungavin**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Shemori Corinthian**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Moises Morales** | represented by | **Craig Mungavin**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Shemori Corinthian**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/06/2024 | 1 | COMPLAINT against Namita Dwarka, Allissa Crea Mason, New York City Department of Education, Carlyn St. Aubain, filed by Michael Eisenberg. (Attachments: # 1 Civil Cover Sheet) (KD) (Entered: 03/07/2024) |
| 03/06/2024 | 2 | FILING FEE: $ 405.00, receipt number 1000013030 (KD) (Entered: 03/07/2024) |
| 03/06/2024 | 3 | Summons Issued as to Namita Dwarka, Allissa Crea Mason, New York City Department of Education, Carlyn St. Aubain. (KD) (Entered: 03/07/2024) |
| 03/07/2024 | 4 | Clerks Notice Re: Consent. A magistrate judge has been assigned as the presiding judge in this case as part of a Pilot Program, governed by EDNY Administrative Order 2023-23. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. The form is also available here: https://www.nyed.uscourts.gov/edny-direct-assignment-pilot-program. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent. Unless all parties consent to the Magistrate Judge jurisdiction by the deadline set forth in the Administrative Order 2023-23, a District Judge will be assigned to the case. The parties are directed to review the terms of Administrative Order 2023-23 and other materials related to the Pilot Program on the Courts website: https://www.nyed.uscourts.gov/edny-direct-assignment-pilot-program. (KD) (Entered: 03/07/2024) |
| 04/16/2024 | 5 | NOTICE of Appearance by Talysia Francis on behalf of New York City Department of Education (aty to be noticed) (Francis, Talysia) (Entered: 04/16/2024) |
| 04/17/2024 | 6 | First MOTION for Extension of Time to File Answer *or MTD the Complaint* by New York City Department of Education. (Francis, Talysia) (Entered: 04/17/2024) |
| 04/23/2024 | 7 | CERTIFICATE OF SERVICE by New York City Department of Education (Francis, Talysia) (Entered: 04/23/2024) |

3/18/26, 6:37 PM

Case: 26-234, 03/18/2026, DktEntry: 24.1, Page 10 of 71
Eastern District of New York - LIVE Database 1.8 (Revision 1.8.4)

| 04/24/2024 | | ORDER granting 6 Motion for Extension of Time to Answer. Defendants are to answer or otherwise respond to the complaint by 5/23/2024. The Court has mailed a copy of this Order and the docket to Michael Eisenberg, 161 Derby Street, Valley Stream, NY 11581. *c/m*. Ordered by Magistrate Judge Vera M. Scanlon on 4/24/2024. (JR) (Entered: 04/24/2024) |
|---|---|---|
| 05/15/2024 | 8 | NOTICE of Appearance by Shemori Corinthian on behalf of New York City Department of Education (aty to be noticed) (Corinthian, Shemori) (Entered: 05/15/2024) |
| 05/15/2024 | 9 | MOTION for Extension of Time to File Answer by New York City Department of Education. (Corinthian, Shemori) (Entered: 05/15/2024) |
| 05/17/2024 | 10 | CERTIFICATE OF SERVICE by New York City Department of Education *Second Motion For An Extension of Time To Respond to the Complaint and Notice of Appearance* (Corinthian, Shemori) (Entered: 05/17/2024) |
| 05/24/2024 | 11 | Letter undated from Michael J. Eisenberg to USMJ Vera M. Scanlon, submitting this letter to clarify Plaintiff's position regarding the motion for an extension submitted by opposing counsel, Ms. Shemori Corinthian, Senior Counsel for the New York City Law Department Labor and Employment Law Division. (SG) (Entered: 05/28/2024) |
| 05/28/2024 | | ORDER granting in part and denying in part 9 Motion for Extension of Time to Answer. Defendants are to answer or otherwise respond to the complaint by 6/24/2024, which represents the 30-day extension to which Plaintiff consented. See ECF No. 11 . The Court has mailed a copy of this Order and the docket to Michael Eisenberg, 161 Derby Street, Valley Stream, NY 11581. *c/m*. Ordered by Magistrate Judge Vera M. Scanlon on 5/28/2024. (JR) (Entered: 05/28/2024) |
| 07/09/2024 | 13 | Letter MOTION for Extension of Time to File Response/Reply . *Pltff request a 60 days extension of time to reply, filed* by Michael Eisenberg. (SG) (Entered: 07/11/2024) |
| 07/10/2024 | 12 | ORDER. An initial conference is set for 8/27/2024 at 10:30 AM in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. The parties must complete and file the attached Joint Proposed Civil Case Management Plan no later than 8/13/2024. The Court will mail a copy of this Order and attachment to Plaintiff at Michael Eisenberg, 161 Derby Street, Valley Stream, NY 11581. *c/m*. Ordered by Magistrate Judge Vera M. Scanlon on 7/10/2024. (JR) (Entered: 07/10/2024) |
| 07/10/2024 | | ORDER. Plaintiff has the obligation to properly serve each Defendant. Plaintiff has not filed proof of service as to any Defendant, although Corporation Counsel has appeared on behalf of the New York City Department of Education. Plaintiff must file proof of timely service as to Defendants Dwarka, St. Aubain and Crea Mason by 7/19/2024. If Plaintiff has not timely served these Defendants, Plaintiff may file a request in writing to extend the time for service. The Court will mail a copy of this Order to Plaintiff at Michael Eisenberg, 161 Derby Street, Valley Stream, NY 11581. *c/m*. Ordered by Magistrate Judge Vera M. Scanlon on 7/10/2024. (JR) (Entered: 07/10/2024) |
| 07/10/2024 | | ORDER. Defendant New York City Department of Education (the "NYC DOE") has failed to timely serve an answer per the Court's 5/28/2024 Order. The NYC DOE must answer or otherwise respond by 7/19/2024. The Court will mail a copy of this Order to Plaintiff at Michael Eisenberg, 161 Derby Street, Valley Stream, NY 11581. *c/m*. Ordered by Magistrate Judge Vera M. Scanlon on 7/10/2024. (JR) (Entered: 07/10/2024) |

| 07/16/2024 | | ORDER. On or before 7/23/2024, Plaintiff is to file a letter clarifying the "reply" to which he refers in his motion for an extension of time to file such reply at ECF No. 13 . The Court has mailed a copy of this Order to Michael Eisenberg, 161 Derby Street, Valley Stream, NY 11581. *c/m*. Ordered by Magistrate Judge Vera M. Scanlon on 7/16/2024. (JR) (Entered: 07/16/2024) |
|---|---|---|
| 07/16/2024 | 14 | NOTICE of Appearance by Shemori Corinthian on behalf of Namita Dwarka, Allissa Crea Mason, Carlyn St. Aubain (aty to be noticed) (Corinthian, Shemori) (Entered: 07/16/2024) |
| 07/16/2024 | 15 | First MOTION to Adjourn Conference *and to update Court on Motion Practice* by Namita Dwarka, Allissa Crea Mason, New York City Department of Education, Carlyn St. Aubain. (Corinthian, Shemori) (Entered: 07/16/2024) |
| 07/17/2024 | 16 | CERTIFICATE OF SERVICE by Namita Dwarka, Allissa Crea Mason, New York City Department of Education, Carlyn St. Aubain *of Defendants' Letter* (Corinthian, Shemori) (Entered: 07/17/2024) |
| 07/18/2024 | | ORDER. The Court is in receipt of Defendants' letter at ECF No. 15 .<br><br>Defendants inform the Court that, on 6/24/2024, they "served Plaintiff with a motion to dismiss the complaint in this action" but did not file such motion "pursuant to Rule III(c)(4) of Your Honor's Individual Rules of Practice." ECF No. 15 at 2. In doing so, Defendants failed to comply with Administrative Order No. 2023-23, which provides, in pertinent part, that, "[i]f a party intends to file a motion...to dismiss for failure to state a claim or any relief under Rule 12(b)...and all parties have not yet consented to the jurisdiction of the Magistrate Judge, the party seeking such relief must file, no later than any date specified by any Federal or Local Rule governing the timing of such a motion, a letter no longer than one (1) page expressing such intent. The Clerk will then randomly assign a District Judge to serve as the presiding judge in the case. The party will, no later than seven (7) days after such assignment, file either a pre-motion letter or a motion as provided for in the District Judge's Individual Practices, or pursuant to any order issued by the District Judge." A district judge will now be assigned to this action to address the motion to dismiss served by Defendants on Plaintiff, without prior notice to this Court; Plaintiff's related motion for an extension of time to file opposition to such motion at ECF No. 13 ; and the proposed briefing schedule at ECF No. 15 . Plaintiff need not file the clarification letter required by the 7/16/2024 Order, as Defendant's letter at ECF No. 15 contextualizes such request.<br><br>As to Defendants' request to adjourn the initial conference and the deadline for filing the Joint Proposed Civil Case Management Plan pending the outcome of dispositive motion practice, effectively a request to stay discovery pending the conclusion of dispositive motion practice, Plaintiff is to file a response by 7/25/2024.<br><br>The Court will mail a copy of this Order to Plaintiff at Michael Eisenberg, 161 Derby Street, Valley Stream, NY 11581. *c/m*.<br><br>Ordered by Magistrate Judge Vera M. Scanlon on 7/18/2024. (JR) (Entered: 07/18/2024) |
| 07/18/2024 | | NOTICE to Assign District Judge: The Clerk of Court is directed to reassign this case to a district judge. (JR) (Entered: 07/18/2024) |
| 07/18/2024 | | Case Reassigned to Judge Hector Gonzalez. Magistrate Judge Vera M. Scanlon no longer assigned as presider to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (DA) Modified on 8/27/2024 (DA). (Entered: 07/18/2024) |

| 07/18/2024 | | ORDER: Because Defendants indicated that they wished to move to dismiss this case, *see* ECF No. 15 , and the parties did not consent to the jurisdiction of the magistrate judge, this case has been reassigned to Judge Hector Gonzalez. The Court refers the case to Magistrate Judge Vera M. Scanlon for pretrial purposes. Ordered by Judge Hector Gonzalez on 7/18/2024. (KM) (Entered: 07/18/2024) |
|---|---|---|
| 07/18/2024 | | SCHEDULING ORDER: The Court has received the Defendants' letter regarding their motion to dismiss, which indicates that Defendants served their motion on Plaintiff on June 24, 2024. *See* ECF No. 15 . The Court adopts the schedule proposed by Defendants. Plaintiff shall serve his opposition papers on Defendants on or before August 24, 2024. Defendants shall serve their reply papers on Plaintiff on or before September 13, 2024. The parties are directed to review Section IV.B. of this Court's Individual Practices.<br><br>The Court finds that it would serve the interests of judicial economy and avoid a waste of resources for the parties to file their complete set of motion papers as they relate to Defendants' motion together. Therefore, Defendants are directed to file a complete set of motion papers on September 13, 2024. Additionally, because Plaintiff is proceeding *pro se*, Defendants shall serve on Plaintiff, to the extent they have not already: (1) copies of all cases or other authorities cited in their motion and reply that are unpublished or reported exclusively on computerized databases, as required by Local Civil Rule 7.2; and (2) any notice required by Local Civil Rule 12.1. Defendants shall file a letter on the docket certifying its compliance with this Order on the day they file the fully briefed motion, and the letter shall include the text of the Rule 12.1 notice provided to Plaintiff, if any.<br><br>The Clerk of Court is respectfully directed to mail a copy of this order to *pro se* Plaintiff. Ordered by Judge Hector Gonzalez on 7/18/2024. (KM) (Entered: 07/18/2024) |
| 07/18/2024 | | ORDER terminating 13 Motion for Extension of Time to File Response/Reply. Ordered by Judge Hector Gonzalez on 7/18/2024. (KM) (Entered: 07/18/2024) |
| 07/18/2024 | 17 | Letter dated July 18, 2024 to Magistrate Judge Scanlon from pro se Plaintiff Michael J. Eisenberg wanting to clarify his position regarding the "Notice of Appearance and Motion practice letter submitted by the office of Opposing Counsel Shemori S. Corinthian to the Court via EDF on July 16, 2024". Plaintiff also states that he consents to the Opposing Counsel's request to the "initial conference scheduled for August 24, 2024 as well as the due date for the Joint Proposed Civil Case Management Plan be adjourned until after the motion practice has concluded in this matter". See letter for further details. (JVC) (Entered: 07/19/2024) |
| 07/18/2024 | 18 | SUMMONS Returned Executed by Michael Eisenberg. Namita Dwarka served on 4/8/2024, answer due 4/29/2024; Allissa Crea Mason served on 4/9/2024, answer due 4/30/2024; New York City Department of Education served on 4/2/2024, answer due 4/23/2024; Carlyn St. Aubain served on 4/9/2024, answer due 4/30/2024. (JVC) (Entered: 07/19/2024) |
| 07/19/2024 | 19 | Pro Se Consent to Electronic Notification filed by Michael Eisenberg. (JVC) (Entered: 07/19/2024) |
| 07/22/2024 | | ORDER. After reviewing Defendants' request to adjourn the initial conference and the deadline for filing the Joint Proposed Civil Case Management Plan, pending resolution of Defendants' motion to dismiss, at ECF No. 15 , as well as Plaintiff's response at ECF No. 17 , the Court denies the request to adjourn the aforementioned conference and deadline. Defendants' request for an effective stay of discovery pending the resolution of their motion to dismiss will be addressed at the initial conference. Any requests for relief in relation to the briefing schedule set forth in the 7/18/2024 Order, see, e.g. ECF No. 17 at 1, |

3/18/26, 6:37 PM

Case: 26-234, 03/18/2026, DktEntry: 24.1, Page 13 of 71
Eastern District of New York - LIVE Database 1.8 (Revision 1.8.4)

should be addressed to the District Judge. Ordered by Magistrate Judge Vera M. Scanlon on 7/22/2024. (JR) (Entered: 07/22/2024)

| | | |
|---|---|---|
| 07/23/2024 | 20 | Letter dated July 23, 2024 to Magistrate Judge Scanlon from pro se Plaintiff Michael Eisenberg regarding the status of his request for an extension to reply until August 24, 2024. (JVC) (Entered: 07/23/2024) |
| 07/29/2024 | | ORDER: The Court has received Plaintiff's letter regarding his request for an extension to file his response to Defendants' motion to dismiss. *See* ECF No. 20 . The Court granted this request on July 18, 2024. *See* July 18, 2024, Text Order. Plaintiff shall serve his opposition papers on Defendants on or before August 24, 2024. Defendants shall serve their reply papers on Plaintiff on or before September 13, 2024. The parties are directed to review Section IV.B. of this Court's Individual Practices.<br><br>As a reminder, the Court already found that it would serve the interests of judicial economy and avoid a waste of resources for the parties to file their complete set of motion papers as they relate to Defendants' motion together. Therefore, Plaintiff shall serve his opposition on Defendants on August 24, 2024, but he shall not file his opposition on the docket. Defendants shall then file a complete set of motion papers on September 13, 2024. Ordered by Judge Hector Gonzalez on July 29, 2024. (PN) (Entered: 07/29/2024) |
| 08/07/2024 | 21 | Mail Returned as Undeliverable, "Return to Sender, Not Deliverable As Addressed, Unable to Forward." Three Court Orders dated 7/10/2024 signed by Magistrate Judge Vera M. Scanlon along with a Joint Proposed Civil Case Management Plan Form previously sent to Michael Eisenberg. (SG) (Entered: 08/07/2024) |
| 08/07/2024 | 22 | Mail Returned as Undeliverable, "Return to Sender, No Such Number, Unable to Forward." Order dated 7/16/2024 signed by Magistrate Judge Vera M. Scanlon previously sent to Michael Eisenberg. (SG) (Entered: 08/07/2024) |
| 08/12/2024 | 23 | Letter MOTION to Appear by Telephone/Video . *Pltff request that the initial conference be conducted virtually or otherwise be moved to the second week of September, filed* by Michael Eisenberg. (SG) (Entered: 08/13/2024) |
| 08/13/2024 | 24 | CASE MANAGEMENT STATEMENT *Joint Proposed Civil Case Management Plan* (Corinthian, Shemori) (Entered: 08/13/2024) |
| 08/19/2024 | | ORDER. The motion to adjourn the initial conference at ECF No. 23 is granted. The initial conference is adjourned to 9/10/2024 at 10:30 AM in person in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. Ordered by Magistrate Judge Vera M. Scanlon on 8/19/2024. (JR) (Entered: 08/19/2024) |
| 08/26/2024 | 25 | ~~"Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint," filed by Michael Eisenberg. (JVC)~~ (Entered: 08/28/2024) |
| 08/28/2024 | | ORDER STRIKING 25 Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint. The Court previously found, *see* July 18, 2024, Scheduling Order, and reminded the parties, *see* July 29, 2024, Text Order, that it would serve the interests of judicial economy and avoid a waste of resources for the parties to file their complete set of motion papers as they relate to Defendants' motion together. The Court also ordered Plaintiff to "serve his opposition on Defendants on August 24, 2024, but... not file his opposition on the docket." *See* July 29, 2024, Text Order. Nevertheless, Plaintiff filed his Opposition on the docket. Plaintiff's Opposition is therefore stricken, and the parties shall abide by the Court's prior orders. *See* July 18, 2024, Scheduling Order; July 29, 2024, Text Order. Plaintiff is warned that failure to adhere to unambiguous court orders may result in sanctions. Ordered by Judge Hector Gonzalez on 8/28/2024. (PN) (Entered: 08/28/2024) |

| | | |
|---|---|---|
| 09/06/2024 | | ORDER. Due to a conflict in the Court's calendar, the 9/10/2024 initial conference is rescheduled for 10/3/2024 at 9:30 AM in person in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. Ordered by Magistrate Judge Vera M. Scanlon on 9/6/2024. (JR) (Entered: 09/06/2024) |
| 09/13/2024 | 26 | MOTION to Dismiss for Failure to State a Claim by Namita Dwarka, Allissa Crea Mason, New York City Department of Education, Carlyn St. Aubain. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Exhibit 1, # 4 Exhibit 2) (Corinthian, Shemori) (Entered: 09/13/2024) |
| 09/13/2024 | 27 | MEMORANDUM in Opposition *by Plaintiff* filed by Namita Dwarka, Allissa Crea Mason, New York City Department of Education, Carlyn St. Aubain. (Corinthian, Shemori) (Entered: 09/13/2024) |
| 09/13/2024 | 28 | REPLY in Support filed by Namita Dwarka, Allissa Crea Mason, New York City Department of Education, Carlyn St. Aubain. (Corinthian, Shemori) (Entered: 09/13/2024) |
| 09/13/2024 | 29 | Letter by Namita Dwarka, Allissa Crea Mason, New York City Department of Education, Carlyn St. Aubain (Corinthian, Shemori) (Entered: 09/13/2024) |
| 10/03/2024 | | Minute Entry for proceedings held before Magistrate Judge Vera M. Scanlon: Initial Conference held on 10/3/2024. Plaintiff Michael Eisenberg appearing pro se. Shemori Corinthian appearing on behalf of Defendants. (FTR Log #9:49-10:59.) (JR) (Entered: 10/11/2024) |
| 10/03/2024 | | ORDER. As discussed at the 10/3/2024 initial conference, Plaintiff anticipates seeking leave to amend the complaint within thirty days. The parties must serve Rule 26(a)(1) initial disclosures by 12/6/2024. The parties must serve initial document requests and interrogatories by 1/10/2025. The parties must file a joint status letter informing the Court of the issues resolved and any outstanding issues related to e-discovery by 1/10/2025. Responses to initial document requests and interrogatories must be served no sooner than 2/10/2025. A status conference is scheduled for 2/25/2025 at 10:30 AM in person in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. Ordered by Magistrate Judge Vera M. Scanlon on 10/3/2024. (JR) (Entered: 10/11/2024) |
| 10/04/2024 | 30 | Letter dated October 4, 2024 to Judge Gonzalez from pro se Plaintiff Michael Eisenberg requesting permission for the filing of an amended pleading. See letter for further details. (JVC) (Entered: 10/07/2024) |
| 10/07/2024 | | ORDER: In light of Plaintiff's letter seeking to amend his complaint, *see* ECF No. 30 , Defendants are directed to file a response on or before October 16, 2024. Ordered by Judge Hector Gonzalez on 10/7/2024. (KM) (Entered: 10/07/2024) |
| 10/09/2024 | 31 | Letter *In Opposition to Plaintiff's Application to Amend the Complaint* by Namita Dwarka, Allissa Crea Mason, New York City Department of Education, Carlyn St. Aubain (Corinthian, Shemori) (Entered: 10/09/2024) |
| 10/09/2024 | | ORDER: The Court has reviewed Plaintiff's letter requesting leave to amend his complaint, *see* ECF No. 30 , and Defendants' response, *see* ECF No. 31 . Defendants argue that the Court should not grant Plaintiff leave to amend his complaint because Plaintiff's letter did not include a copy of a proposed amended complaint. The Court agrees. "While failure to include the proposed amendment is not necessarily fatal to the motion, the court may deny leave when it is unclear what changes are proposed." *Allison v. Clos-ette Too, LLC*, No. 14-cv-1618, 2014 WL 4996358, at *2 (S.D.N.Y. Sept. 15, 2014), *report and recommendation adopted sub nom. Ellison v. Clos-ette Too, LLC*, 2014 WL 5002099 (S.D.N.Y. Oct. 7, 2014). At this juncture, it is unclear what changes Plaintiff wishes to make to his complaint. Accordingly, the request is denied without prejudice to refile with a proposed amended complaint and a redline showing the modifications between the original |

| | | complaint and proposed amended complaint. Ordered by Judge Hector Gonzalez on 10/9/2024. (KM) (Entered: 10/09/2024) |
|---|---|---|
| 12/11/2024 | 32 | Letter dated December 11, 2024 to Judge Gonzalez from pro se Plaintiff Michael Eisenberg, respectfully requesting permission for filing an amended pleading. (JVC) (Entered: 12/13/2024) |
| 12/11/2024 | 33 | PROPOSED AMENDED COMPLAINT against Namita Dwarka, Allissa Crea Mason, New York City Department of Education, Carlyn St. Aubain, Vasilios Manolios, Henri Huezo, Moises Morales, filed by Michael Eisenberg. (JVC) (Entered: 12/13/2024) |
| 12/16/2024 | | ORDER: The Court has received Plaintiff's letter and proposed amended complaint, *see* ECF Nos. 32 , 33 . Defendants shall file a response on or before January 8, 2025.<br><br>Additionally, although Mr. Eisenberg has signed his letter *pro se*, he has previously informed the Court that he was sworn in as an attorney on July 16, 2024. See ECF No. 17 . "Although a court is ordinarily obligated to afford a special solicitude to pro se litigants, that rule does not apply where, as here, a person trained as a lawyer represents himself." *Mitchell v. Con Edison*, 531 F. App'x 140, 141 (2d Cir. 2013). Accordingly, Mr. Eisenberg is cautioned that he will not be afforded the latitude that is normally given to *pro se* plaintiffs. Ordered by Judge Hector Gonzalez on 12/16/2024. (PN) (Entered: 12/16/2024) |
| 12/23/2024 | 34 | Letter MOTION for Reconsideration regarding Status Report Order *dated December 16, 2024, filed* by Michael Eisenberg. (JVC) (Entered: 12/26/2024) |
| 12/27/2024 | | ORDER: The Court has received Plaintiff's motion for reconsideration. *See* ECF No. 34 . Plaintiff seeks reconsideration of the Court's warning that Plaintiff will not be afforded the special latitude that courts generally grant to *pro se* litigants because Plaintiff is an attorney. *See* December 16, 2024, Text Order. For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.<br><br>Local Civil Rule 6.3 requires a party moving for reconsideration to "set[ ] forth concisely the matters or controlling decisions which [a party] believes the Court has overlooked." Under the rule, "[t]he standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *See Johnson v. Cnty. of Nassau*, 82 F. Supp. 3d 533, 535-36 (E.D.N.Y. 2015) (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also Sullivan v. N.Y.C. Dep't of Investigation*, No. 12-cv-2564, 2016 WL 7106148, at *1, *3 (S.D.N.Y. Dec. 6, 2016) ("strict" standard also applies to reconsideration motions brought under Rule 59(e) and Rule 60).<br><br>In his motion, Plaintiff argues that because he "has no litigation, law practice, []or federal courtroom or procedural context experience," he should be granted the special solicitude that courts give to *pro se* litigants. *See* ECF No. 34 . Plaintiff cites to the Second Circuit's decision in *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010), for the proposition that it is an abuse of discretion for a district court to withdraw the special solicitude to a *pro se* litigant who is also an attorney if the court determines that the attorney has not had sufficient experience with the legal system. *Id.* But this misrepresents the case law. First, the plaintiff in *Tracy* was not an attorney, but a litigant who had participated "in at least ten previous federal and state actions." 623 F.3d at 95. While the Second Circuit found this particular litigant's previous participation in litigation to be insufficient to withdraw the plaintiff's special *pro se* status, *see id.* at 103-04, it did find that it was possible for a *pro se* litigant to be "sufficiently experienced" to justify a court's "withdrawal of solicitude for the entirety of an action," *id.* at 103. Second, the Second Circuit was explicit in *Tracy* that the "ultimate extension" of the analysis regarding the degree of solicitude courts should provide to *pro se* |

litigants is that "a lawyer representing himself [would] ordinarily receive[] no such solicitude at all." 623 F.3d at 102. Indeed, the Second Circuit has remained consistent that a lawyer representing himself is generally not granted the same latitude that is provided to other *pro se* litigations. *See, e.g., Zappin v. Comfort*, No. 23-7363, 2024 WL 5001624, at *2 (2d Cir. Dec. 6, 2024) ("[W]hile Zappin has brought most of these actions pro se, he is a former attorney with litigation experience and therefore not entitled to the special solicitude we normally extend to litigants proceeding without counsel."); *Weiss v. New York*, No. 22-2326, 2024 WL 2837623, at *1 (2d Cir. June 5, 2024) ("Because Weiss is an attorney, she is not entitled to the special solicitude ordinarily extended to self-represented litigants."). Accordingly, because Plaintiff has not pointed to controlling decisions or data that the Court overlooked-and, in fact, misrepresented the controlling Second Circuit case law-Plaintiff's motion for reconsideration is DENIED. Ordered by Judge Hector Gonzalez on 12/27/2024. (KM) (Entered: 12/27/2024)

| | | |
|---|---|---|
| 01/08/2025 | 35 | Letter *to inform the Court that the Defendants consent to the filing of Plaintiffs Proposed First Amended Complaint (FAC) as to form only and to submit a Pre-motion letter outlining the anticipated motion to dismiss the FAC* by New York City Department of Education, Carlyn St. Aubain (Corinthian, Shemori) (Entered: 01/08/2025) |
| 01/09/2025 | | ORDER: The Court has received Defendants' response to Plaintiff's request to file an amended complaint, in which Defendants consent to Plaintiff filing an amended complaint, but also include a premotion conference letter in anticipation of moving to dismiss the amended complaint. *See* ECF No. 35 . The Court directs Plaintiff to file the amended complaint as the operative complaint on or before **January 16, 2025**.<br><br>In light of Defendants' premotion conference letter, the Court finds the pending motion to dismiss, *see* ECF No. 26 , to be moot, and sets the following briefing schedule. Defendants shall file their opening motion papers on or before **February 18, 2025**. Plaintiff shall file his opposition papers on or before **March 20, 2025**. Defendants shall file their reply papers on or before **April 3, 2025**. The parties' motion papers shall comply with the page limits and other requirements described in Section IV.B of the Court's Individual Practices. Ordered by Judge Hector Gonzalez on 1/9/2025. (KM) (Entered: 01/09/2025) |
| 01/10/2025 | 36 | Letter *Informing the Court on the Status of ESI Discovery* by Moises Morales, New York City Department of Education, Carlyn St. Aubain, Allissa Crea Mason (Corinthian, Shemori) (Entered: 01/10/2025) |
| 01/15/2025 | | ORDER. The Court is in receipt of the parties' joint letter at ECF No. 36 , wherein they report the status of their e-discovery efforts and related potential issues that they are working to resolve without the need for Court intervention. If any of the potential issues ripen into disputes appropriate for the Court's adjudication, the parties should promptly present such disputes to the Court. Ordered by Magistrate Judge Vera M. Scanlon on 1/15/2025. (SH) (Entered: 01/15/2025) |
| 01/16/2025 | 37 | AMENDED COMPLAINT *with Jury Trial Demand* against Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain, filed by Michael Eisenberg. (Attachments: # 1 Exhibit) (JVC) (Main Document 37 replaced on 1/21/2025) (JVC). (Entered: 01/21/2025) |
| 02/06/2025 | 38 | First MOTION for Extension of Time to File Response/Reply *the parties' discovery demands* by New York City Department of Education, Namita Dwarka, Carlyn St. Aubain, Allissa Crea Mason. (Corinthian, Shemori) (Entered: 02/06/2025) |
| 02/10/2025 | | ORDER granting 38 Motion for Extension of Time to File Response/Reply. The parties must serve their responses on or before 3/10/2025. Ordered by Magistrate Judge Vera M. Scanlon on 2/10/2025. (SH) (Entered: 02/10/2025) |

| 02/10/2025 | | ORDER. The 2/25/2025 in-person status conference is **rescheduled for 3/19/2025 at 11:30 AM** in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. Ordered by Magistrate Judge Vera M. Scanlon on 2/10/2025. (SH) (Entered: 02/10/2025) |
| --- | --- | --- |
| 02/11/2025 | 39 | Proposed Summons/Civil Cover Sheet filed by Michael Eisenberg (DLMP) (Entered: 02/11/2025) |
| 02/11/2025 | 40 | Summons Issued as to Henri Huezo, Vasilios Manolios, Moises Morales. (DLMP) (Entered: 02/11/2025) |
| 02/18/2025 | 41 | First MOTION to Dismiss for Failure to State a Claim *of the First Amended Complaint* by Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain. (Attachments: # 1 Notice of Motion of Defendants' Motion to Dismiss the Amended Complaint, # 2 Declaration of Shemori S. Corinthian, # 3 Exhibit 1, # 4 Exhibit 2) (Corinthian, Shemori) (Entered: 02/18/2025) |
| 03/13/2025 | | ORDER. Due to a conflict in the Court's calendar, the 3/19/2025 in-person status conference will begin earlier the same morning, at **10:15 AM** in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. Ordered by Magistrate Judge Vera M. Scanlon on 3/13/2025. (SH) (Entered: 03/13/2025) |
| 03/17/2025 | | ORDER. Due to a conflict in the Court's calendar, the 3/19/2025 in-person status conference is adjourned to **3/27/2025 at 10:00 AM** in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. Ordered by Magistrate Judge Vera M. Scanlon on 3/17/2025. (SH) (Entered: 03/17/2025) |
| 03/21/2025 | 42 | MEMORANDUM in Opposition to Defendant's Motion to Dismiss the First Amended Complaint filed by Michael Eisenberg. (DLMP) (Entered: 03/24/2025) |
| 03/24/2025 | | ~~ORDER: Plaintiff's Opposition to Defendants' motion to dismiss was due on March 20, 2025, *see* January 9, 2025, Text Order, but Plaintiff has neither filed his Opposition nor requested an extension of time to do so. Plaintiff shall file his Opposition on or before March 27, 2025. Failure to do so will result in the Court deeming Defendants' motion to be unopposed, and may also result in sanctions, including terminating sanctions for failure to prosecute. Ordered by Judge Hector Gonzalez on 3/24/2025. (PN)~~ (Entered: 03/24/2025) |
| 03/24/2025 | | ORDER: In light of the filing of Plaintiff's Opposition, which was docketed after the Court issued an order about not receiving the Opposition, the Court strikes its previous order providing Plaintiff until March 27, 2025, to file his Opposition. Ordered by Judge Hector Gonzalez on 3/24/2025. (PN) (Entered: 03/24/2025) |
| 03/28/2025 | | Minute Entry for proceedings held before Magistrate Judge Vera M. Scanlon: In-person Status Conference held 3/27/2025. Pro se Plaintiff Michael Eisenberg appeared on his own behalf. Shemori Corinthian of the New York City Law Department appeared on behalf of Defendants. See separate docket entry for Order issuing from this proceeding. (FTR Log #10:16-11:19.) (SH) (Entered: 03/28/2025) |
| 03/28/2025 | | ORDER. During the 3/27/2025 status conference, the parties raised various discovery-related issues with the Court, which the Court resolved as follows: <br><br>(1) Defendants must send a draft protective order to Plaintiff by 4/3/2025 and file such draft protective order for the Court's review promptly following Plaintiff's approval thereof, but no later than 4/10/2025, in anticipation of the 4/17/2025 deadline for Defendants outstanding document productions to be completed, as described below in (2). <br><br>(2) Defendants must coordinate sufficient support to complete all outstanding document productions by 4/17/2025, which includes, but is not limited to, the following productions: |

(a) Defendants must produce to Plaintiff all age-related complaints, substantiated or not, made against Defendants Namita Dwarka, Carlyn St. Aubain, Allissa Crea Mason, Vasilios Manolios, Henri Huezo, and Moises Morales (the "Individual Defendants") beginning on 3/1/2020, and through 3/27/2025.

(b) Defendants must search "Eisenberg" in the email server for the William Cullen Bryant High School for all custodians and produce to Plaintiff all nonprivileged responsive emails beginning on 1/1/20201, through 3/27/2025.

(c) Defendants must search "Eisenberg" in the email server for the New York City Department of Education for the following custodians: the Individual Defendants, Superintendent Lindsey, Superintendent Tu, and Director of Medical Leaves and Records Guscott. For Director of Medical Leaves and Records Guscott, the search must be run for emails beginning on 1/1/2023, and through 3/27/2025. For all other custodians, the search must be run for emails beginning on 1/1/2020, and through 3/27/2025. Defendants must produce to Plaintiff all nonprivileged responsive emails but may exclude responsive emails pertaining to individuals with the last name, Eisenberg, other than Plaintiff.

(d) Defendants must produce to Plaintiff the salary history and the per-session pay history for comparators Garrett Lanzet, Alex Somer, and George Weisman beginning on 1/1/2020, and through 3/27/2025.

(e) In response to the list containing a description of incidents and corresponding dates and times thereof that may have been captured by photo or by video, which Plaintiff must provide to Defendants by 4/3/2025, Defendants must perform a search for photos and videos of the incidents identified by Plaintiff; produce to Plaintiff such photos and videos, if any; and ascertain and inform Plaintiff of the preservation or retention policy governing any such photos or videos. Defendants must also provide an affidavit describing their search efforts by 4/10/2025.

(3) Plaintiff must immediately provide identifying information and contact information for relevant medical providers for 3/27/2020 through 3/27/2025. Plaintiff must immediately provide a release for his health insurance information and record for 3/27/2020 through 3/27/2025, in anticipation of sending complete releases to the relevant medical providers by 4/17/2025.

By 5/21/2025, the parties must file a joint letter informing the Court of any outstanding discovery-related issues, any additional proposed written discovery to be completed, and a proposed deposition schedule. The Court notes that, if depositions are not promptly scheduled following this deadline, the school summer recess will not be a reason to delay properly noticed or subpoenaed depositions.

Ordered by Magistrate Judge Vera M. Scanlon on 3/28/2025. (SH) (Entered: 04/04/2025)

| | | |
|---|---|---|
| 04/03/2025 | 43 | TRANSCRIPT of Proceedings held on March 27, 2025, before Judge Scanlon. Court Transcriber: Transcriptions Plus II, Inc.. Email address: RL.Transcriptions2@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/24/2025. Redacted Transcript Deadline set for 5/5/2025. Release of Transcript Restriction set for 7/2/2025. (RC) (Entered: 04/03/2025) |
| 04/03/2025 | 44 | REPLY in Support re 41 First MOTION to Dismiss for Failure to State a Claim *of the First Amended Complaint* filed by All Defendants. (Corinthian, Shemori) (Entered: 04/03/2025) |

| | | |
|---|---|---|
| 04/10/2025 | 45 | First MOTION for Protective Order *and RULE 502(d) STIPULATION AND ORDER* by Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain. (Attachments: # 1 Proposed Order RULE 502(d) STIPULATION AND ORDER) (Corinthian, Shemori) (Entered: 04/10/2025) |
| 04/18/2025 | 46 | First MOTION for Extension of Time to Complete Discovery by Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain. (Corinthian, Shemori). Added MOTION for Extension of Time to Complete Discovery on 4/23/2025 (SH). (Entered: 04/18/2025) |
| 04/21/2025 | 47 | ORDER. The motion for entry of a protective order at ECF No. 45 is granted, as modified in the attached document. The parties must file a conforming copy of the protective order by 4/28/2025. Ordered by Magistrate Judge Vera M. Scanlon on 4/21/2025. (JR) (Entered: 04/21/2025) |
| 04/23/2025 | | ORDER. The Court is in receipt of Defendants' motion at ECF No. 46 for an extension of time from 4/10/2025 to 5/1/2025 to produce the affidavit required by Item 2(e) of the 3/28/2025 Order and for an extension of time from 4/17/2025 to 6/30/2025 to complete the outstanding productions required by Item 2 of the 3/28/2025 Order, other than Item 2(d), which Defendants report has been completed. As to the affidavit, the extension of time to 5/1/2025 is granted, on Plaintiff's consent. As to the outstanding productions, Defendants fail to state whether Plaintiff consents to the requested extension and, if not, the reasons provided by Plaintiff for declining to consent, as required by Rule II(b)(3) of the undersigned's Individual Practice Rules. Defendants must supplement the motion by 4/25/2025 with the required information. The Court notes that Defendants' letter indicates that they appear to contemplate negotiations for a more limited production than that required by Item 2(c) of the 3/28/2025 Order but do not seek any related relief.<br><br>The Court further notes that Defendants' motion was filed after the operative deadlines had passed, in contravention of Rule II(b) of the undersigned's Individual Practice Rules, which requires that requests for extensions of time be filed no later than two business days in advance of the relevant deadlines. Defendants are expected to comply with such Rule with regard to any future motions. Ordered by Magistrate Judge Vera M. Scanlon on 4/23/2025. (SH) (Entered: 04/23/2025) |
| 04/23/2025 | 48 | REPLY to the Requesting that the extension re 46 First MOTION for Extension of Time to Complete Discovery *no reply was received and extensions be denied* filed by Michael Eisenberg. (DLMP) (Entered: 04/23/2025) |
| 04/24/2025 | 49 | Supplemental MOTION for Extension of Time to Complete Discovery by Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain. (Corinthian, Shemori) (Entered: 04/24/2025) |
| 04/24/2025 | 50 | Letter *regarding status of conformed protective order* by Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain (Attachments: # 1 Exhibit A) (Corinthian, Shemori) (Entered: 04/24/2025) |
| 04/24/2025 | 51 | STIPULATION re 50 Letter, *and conformed protective order* by Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain (Corinthian, Shemori) Modified on 5/2/2025 (JR). (Entered: 04/24/2025) |
| 04/25/2025 | 52 | REPLY to Response to Motion inaccuracies re 49 Supplemental MOTION for Extension of Time to Complete Discovery filed by Michael Eisenberg. (Attachments: # 1 Exhibit) (DLMP) (Entered: 04/25/2025) |

| 05/02/2025 | 53 | ORDER. The Court is in receipt of the protective order at ECF No. 51 , conforming to the Order at ECF No. 47 . To address Plaintiff's concern regarding the lack of reciprocity in the protective order at ECF No. 51 , see ECF No. 52 at 1, the Court has amended the protective order, which is attached, such that it is reciprocal; the Court so-orders the attached protective order. As to Plaintiff's concern regarding his ability to challenge any confidentiality designations made pursuant thereto, see ECF No. 52 at 1, the Court notes that nothing in the protective order waives his right to challenge such designations. Ordered by Magistrate Judge Vera M. Scanlon on 5/2/2025. (JR) (Entered: 05/02/2025) |
|---|---|---|
| 05/02/2025 | | ORDER. The parties raise various discovery issues in the filings at ECF Nos. 46 , 48 , 49 , and 52 .<br><br>As to the age-related complaints referenced in Item 2(a) in the 3/28/2025 Order, by 5/9/2025, Defendants are to file a letter providing the Court with further information as to their position that they have no responsive documents and that a significant portion of the requested documents are not in Defendants' possession.<br><br>As to the "Eisenberg" search in the email server for the New York City Department of Education referenced in Item 2(c) in the 3/28/2025 Order, by 5/9/2025, Defendants are to file a letter providing further information as to the cited 28,000 search results; informing the Court of their plan to cull from those search results only the emails related to Plaintiff, as contemplated by the 3/28/2025 Order; and explaining why the proposed negotiation with Plaintiff as to this discovery would advance the discovery efforts. The Court notes that it has already made a determination as to the appropriate search term, custodians, and timeframes to use for the email server for the New York City Department of Education and that the issues raised by Defendants appear to arise from their implementation of the search.<br><br>As to the salary history and per-session pay history for the cited comparators in Item 2(d) in the 3/28/2025 Order, the parties are directed to promptly schedule a telephone conference amongst themselves to resolve the apparent discrepancy in their respective understandings of the documents that have been produced by Defendants.<br><br>As to the photo and video discovery referenced in Item 2(e) in the 3/28/2025 Order and in the 4/23/2025 Order, consideration of the potential spoliation issues raised by Plaintiff in advance of receipt of Defendants' related affidavit is premature, as, consistent with the 4/23/2025 Order, Defendants were to provide Plaintiff with the related affidavit by 5/1/2025 and had yet to exhaust their efforts to locate the photo and video discovery. Defendants are further instructed to promptly, but no later than 5/9/2025, file such affidavit, which the Court notes should include statements as to whether photo or video recordings occur in the areas in which the cited incidents occurred, whether the cited incidents were captured by photo or by video, Defendants' efforts to preserve any such photo or video, and Defendants' efforts to recover any such photo or video.<br><br>The Court reserves decision on Defendants' motion for an extension of the 4/17/2025 deadline set forth in Item 2 in the 3/28/2025 Order to 6/30/2025 at ECF Nos. 46 and 49 , pending receipt of the 5/9/2025 filings.<br><br>Ordered by Magistrate Judge Vera M. Scanlon on 5/2/2025. (JR) (Entered: 05/02/2025) |
| 05/05/2025 | 54 | DECLARATION *of Peter Lombardo regarding Defendants' search efforts for video and photographic materials response to Plaintiff's demand for production* by Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain (Corinthian, Shemori) (Entered: 05/05/2025) |

| 05/08/2025 | 55 | REPLY in Opposition *and bringing attention of the critical omissions* re 54 Declaration, filed by Michael Eisenberg. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (DLMP) (Entered: 05/09/2025) |
| 05/09/2025 | 56 | Letter *Clarifying Defendants' Position on Various Discovery Matters* by Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain (Corinthian, Shemori) (Entered: 05/09/2025) |
| 05/13/2025 | 57 | NOTICE "Plaintiff acting pro se respectfully addresses the following concerns to the Court regarding ECF Dkt. No. 56 (Letter Clarifying Defendants' Position on Various Discovery Matters)" filed by Michael Eisenberg (DLMP) (Entered: 05/13/2025) |
| 05/13/2025 | 58 | NOTICE of Claim and Demand filed by Michael J. Eisenberg (DLMP) (Entered: 05/13/2025) |
| 05/13/2025 | 59 | EXHIBIT re: "New York State Division of Human Rights Complaint Form" by Michael Eisenberg. (DLMP) (Entered: 05/13/2025) |
| 05/21/2025 | 60 | Letter *from Defendants regarding the status of Discovery* by Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain (Corinthian, Shemori) (Entered: 05/21/2025) |
| 05/22/2025 | 61 | Letter dated 5/21/2025 from Michael Eisenberg to Vera M. Scanlon re: "Plaintiff's Statement Regarding Outstanding, Additional Proposed Discovery Issues, and Proposed Deposition Schedule" (DLMP) (Entered: 05/23/2025) |
| 06/06/2025 | 62 | First MOTION for Extension of Time to File Response/Reply *Plaintiff's Second Set of Requests for Production of Documents, First Set of Requests for Admission, and Request for Status Conference* by Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain. (Corinthian, Shemori) (Entered: 06/06/2025) |
| 06/09/2025 | | ORDER. Plaintiff is to respond to the motion at ECF No. 62 by 6/11/2025. Ordered by Chief Mag. Judge Vera M. Scanlon on 6/9/2025. (JR) (Entered: 06/09/2025) |
| 06/10/2025 | 63 | RESPONSE in Opposition to Defts' 62 First MOTION for Extension of Time to File Response/Reply *Plaintiff's Second Set of Requests for Production of Documents, First Set of Requests for Admission, and Request for Status Conference* filed by Michael Eisenberg. Pltff concurs with defense counsel's request for the Court to schedule a status conference and respectfully requests that such conference be conducted virtually. (SG) (Entered: 06/11/2025) |
| 06/10/2025 | 64 | EXHIBIT by Michael Eisenberg. Related document: 63 Response in Opposition to Motion, filed by Michael Eisenberg. (SG) (Entered: 06/11/2025) |
| 06/10/2025 | 65 | EXHIBIT by Michael Eisenberg. Related document: 63 Response in Opposition to Motion, filed by Michael Eisenberg. (SG) (Entered: 06/11/2025) |
| 06/23/2025 | 66 | First MOTION for Protective Order *pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, relieving Defendants from responding to Plaintiff's First Set of Requests for Admission, dated May 30, 2025.* by Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain. (Attachments: # 1 Exhibit Plaintiff's Requests For Admissions) (Corinthian, Shemori) (Entered: 06/23/2025) |
| 06/27/2025 | 67 | RESPONSE in Opposition to Defts' First Motion for a Protective Order [1:24-cv-01611-HG-VMS, ECF Dkt. 66 , which requests the Court "execus[e Defense] from responding to Pltff's 5/30/25 Requests for Admission ("RFA").... [or] in the alternative, [extend] time to respond to the Requests for Admissions (RFAs) until 8/13/25" (motion submitted on |

3/18/26, 6:37 PM

Case: 26-234, 03/18/2026, DktEntry: 24.1, Page 22 of 71
Eastern District of New York - LIVE Database 1.8 (Revision 1.8.4)

| | | |
|---|---|---|
| | | 6/23/2025, and Admissions currently due on 6/29/25), filed by Michael Eisenberg. (SG) (Entered: 06/27/2025) |
| 06/27/2025 | 68 | NOTICE Plaintiff's first set of requests for admissions, filed by Michael J. Eisenberg. (DLMP) (Entered: 06/27/2025) |
| 07/08/2025 | 69 | Letter *Regarding Pending Motion For Protective Order and to Renew Request For Status Conference* by Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain (Corinthian, Shemori) (Entered: 07/08/2025) |
| 07/09/2025 | 70 | Letter dated July 9th 2025, to Magistrate Judge Scanlon, from Pro Se Plaintiff Michael Eisenberg, submitting response to Defense's "appris[al]" to the Court of "recent developments" transpiring ten days prior, informing the Court of Defense's interpretation of the status of affairs, and this tellingly absent deference to the Court's jurisdiction or pending rulings [ECF Dkt. Nos. 66- 69; see Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973)]; and respectfully requests that the Court deny the protective order with prejudice and rule as admitted the RFAs, which Defense declined to answer within the allotted 30 days (i.e. June 29, 2025); or alternatively, that the Court compel Defense to respond to Plaintiff's RFAs [ECF Dkt. No. 66, #1] by July 21, 2025. (CCF) (Entered: 07/09/2025) |
| 07/09/2025 | 71 | EXHIBIT - GMail communication to Ms. Corinthian, filed by Michael Eisenberg. (CCF) (Entered: 07/09/2025) |
| 07/09/2025 | | ORDER. An in-person conference to discuss the status of discovery and the outstanding disputes in this action is scheduled for 8/6/2025 at 3:30 PM in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. Ordered by Chief Mag. Judge Vera M. Scanlon on 7/9/2025. (SH) (Entered: 07/09/2025) |
| 07/11/2025 | 72 | Letter to Judge Scanlon, from Pro Se Plaintiff Michael Eisenberg, dated July 11, 2025, Plaintiff is scheduled for philanthropic work, during the scheduled conference time. Accordingly, Plaintiff requests permission to attend the conference virtually, or in the alternative, to reschedule the conference for after Labor Day. (CCF) (Entered: 07/14/2025) |
| 07/18/2025 | 73 | ORDER: For the reasons set forth in the attached Order, the Court GRANTS Defendants' motion to dismiss. *See* ECF No. 41. Plaintiff's federal claims for violations of the First Amendment, Title IX, the ADEA, and the ADA are dismissed with prejudice for failure to state a claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismisses those claims without prejudice. All claims having been dismissed, the Clerk of Court is respectfully directed to enter judgment consistent with this Order, close this case, and mail a copy of this order to *pro se* Plaintiff. Ordered by Judge Hector Gonzalez on 7/18/2025. (SMR) (Entered: 07/18/2025) |
| 07/21/2025 | 74 | CLERK'S JUDGMENT: that Defendants' motion to dismiss is granted, See ECF No. 41; that Plaintiff's federal claims for violations of the First Amendment, Title IX, the ADEA, and the ADA are dismissed with prejudice for failure to state a claim; and that the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismisses those claims without prejudice. Signed by Deputy Clerk, Jalitza Poveda, on behalf of Clerk of Court, Brenna B. Mahoney, on 7/21/2025. (JP) (Entered: 07/21/2025) |
| 08/15/2025 | 75 | MOTION/PLAINTIFF MEMORANDUM IN SUPPORT Of this Motion to Vacate 73 Order to Dismiss with Prejudice, And To Alter or Amend the Judgment, 74 . *filed* by Michael Eisenberg. (CCF) Modified on 8/18/2025 to make reference to page 7, paragraph 1 of Plaintiff's filing (CCF). (Entered: 08/18/2025) |
| 08/15/2025 | 76 | NOTICE of "Defects noted by the Court and Proposed Amendments." filed by Pro Se Party Michael Eisenberg. (CCF) (Entered: 08/18/2025) |

| | | |
|---|---|---|
| 08/15/2025 | 77 | NOTICE of "Selected New Evidence," filed by Pro Se Party Michael Eisenberg. (CCF) (Entered: 08/18/2025) |
| 08/15/2025 | 78 | EXHIBIT filed by Pro Se Party Michael Eisenberg. (CCF) (Entered: 08/18/2025) |
| 08/15/2025 | 79 | EXHIBITS filed by Pro Se Party, Michael Eisenberg.(Attachments: # 1 Exhibit - 3, # 2 Exhibit - 4, # 3 Exhibit - 5, # 4 Exhibit - 6, # 5 Exhibit - 7, # 6 Exhibit - 8, # 7 Exhibit - 9, # 8 Exhibit - 10, # 9 Exhibit - 11, # 10 Exhibit - 12, # 11 Exhibit - 13, # 12 Exhibit - 14) (CCF) (Entered: 08/18/2025) |
| 08/20/2025 | 80 | First MOTION for Extension of Time to File Response/Reply *to Plaintiff's Motion to Vacate Judgment* by Namita Dwarka, Henri Huezo, Vasilios Manolios, Allissa Crea Mason, Moises Morales, New York City Department of Education, Carlyn St. Aubain. (Corinthian, Shemori) (Entered: 08/20/2025) |
| 08/20/2025 | 81 | Letter dated August 20, 2025 from Pro Se Plaintiff Michael Eisenberg to Judge Gonzalez, "to clarify the inaccurate statement made by Defense at ECF Dkt. No. 80, filed on 8/20/25." (CCF) (Entered: 08/20/2025) |
| 08/21/2025 | | ORDER: The Court GRANTS Defendants' request, ECF No. 80 , for an extension of time to file their response to Plaintiff's Motion to Vacate, ECF No. 75 . Defendants shall file their response on or before September 29, 2025. Ordered by Judge Hector Gonzalez on 8/21/2025. (PN) (Entered: 08/21/2025) |
| 08/21/2025 | | ORDER: The Court has received *ex parte* electronic communications from Plaintiff on August 15, 2025, and August 20, 2025. For the avoidance of doubt, the Court warns Plaintiff that the Court will not consider any communications that are made *ex parte* and is therefore disregarding Plaintiff's communications. Plaintiff is directed to cease any further ex parte communications with the Court. Ordered by Judge Hector Gonzalez on 8/21/2025. (PN) (Entered: 08/21/2025) |
| 09/29/2025 | 82 | MEMORANDUM in Opposition re 75 MOTION to Vacate 73 Order on Motion to Dismiss for Failure to State a Claim,, 74 Clerk's Judgment,, *filed* filed by All Defendants. (Corinthian, Shemori) (Entered: 09/29/2025) |
| 09/29/2025 | 83 | Letter MOTION for Extension of Time to File Response/Reply *to Defendants' Memorandum in Opposition to the Motion to Vacate the Judgment entered on 7.21.202. Filed* by Michael Eisenberg. (CCF) (Entered: 09/30/2025) |
| 09/30/2025 | | ORDER: The Court GRANTS Plaintiff's request, ECF No. 83 , for an extension of time to file his reply to Defendants' Opposition to Plaintiff's Motion to Vacate, ECF No. 82 . Plaintiff shall file his response on or before November 3, 2025. Ordered by Judge Hector Gonzalez on 9/30/2025. (PN) (Entered: 09/30/2025) |
| 10/14/2025 | 84 | Letter dated 10/14/2025 from Pro Se Plaintiff Michael J. Eisenberg, to Judge Gonzalez requesting that the Court permits Plaintiff to submit an additional exhibit to his reply. (CCF) (Entered: 10/15/2025) |
| 10/16/2025 | | ORDER DENYING Plaintiff's request to attach a sixteenth exhibit to his motion to vacate judgment. *See* ECF No. 84 . Ordered by Judge Hector Gonzalez on 10/16/2025. (SMR) (Entered: 10/16/2025) |
| 11/02/2025 | 85 | REPLY in Support: "Plaintiff's Reply Memorandum of Law in Support of Motion to Vacate Judgment and Alter or Amend Judgment." Filed by Michael Eisenberg. (CCF) (Entered: 11/04/2025) |
| 01/02/2026 | 86 | ORDER: For the reasons set forth in the attached Order, Plaintiff's Motion seeking to vacate, alter, or amend the judgment in this case and to file a second amended complaint, |

|  |  | see ECF No. 75 , is DENIED. Ordered by Judge Hector Gonzalez on 1/2/2026. (PN) (Entered: 01/02/2026) |
|---|---|---|
| 02/02/2026 | 87 | NOTICE OF APPEAL as to 86 Order on Motion to Vacate, 74 Clerk's Judgment,, by Michael Eisenberg. (VJ) (Entered: 02/02/2026) |
| 02/02/2026 |  | APPEAL FILING FEE DUE re 87 Notice of Appeal Payment in the amount of $605.00, can be made in person to the clerks office, or mailed in or paid online with the event *Civil Case Appeal Filing Fee*. (VJ) (Entered: 02/02/2026) |
| 02/02/2026 |  | Electronic Index to Record on Appeal sent to US Court of Appeals. 87 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 02/02/2026) |
| 02/13/2026 | 88 | USCA Appeal Fees received $ 605 receipt number 100025179 re 87 Notice of Appeal filed by Michael Eisenberg (VJ) (Entered: 02/17/2026) |
| 02/17/2026 |  | Supplemental Electronic Index to Record on Appeal sent to US Court of Appeals. 87 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 02/17/2026) |
| 03/06/2026 | 89 | NOTICE of Appearance by Craig Mungavin on behalf of All Defendants (aty to be noticed) (Mungavin, Craig) (Entered: 03/06/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/18/2026 18:37:22 | | | |
| PACER Login: | Leahcim7246 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:24-cv-01661-HG-VMS |
| Billable Pages: | 18 | Cost: | 1.80 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL EISENBERG,

             Plaintiff,

    v.

NEW YORK CITY DEPARTMENT OF
EDUCATION, *et al.*,

           Defendants.

**MEMORANDUM & ORDER**
24-CV-01661 (HG)

**HECTOR GONZALEZ**, United States District Judge:

*Pro Se* [1] Plaintiff Michael Eisenberg, a teacher at William Cullen Bryant High School (the "School"), brings this action against Defendants New York City Department of Education ("DOE"); Namita Dwarka, the School's former principal ("Principal Dwarka"); Carlyn St. Aubain, the School's current principal ("Principal St. Aubain"); current assistant principals Alissa Crea Mason ("AP Crea Mason") and Moises Morales ("AP Morales"), and former

---

[1]    Plaintiff is a licensed attorney who is proceeding *pro se*. "Although allegations drafted by *pro se* plaintiffs are generally held to less stringent standards than formal pleadings drafted by lawyers, *pro se* attorneys cannot claim the special consideration, customarily granted to *pro se* parties." *Bank v. Alleviate Tax, LLC*, No. 23-cv-5457, 2024 WL 1332635, at *3 (E.D.N.Y. Mar. 28, 2024). Plaintiff passed the New York bar exam on July 23, 2023. ECF No. 37 ¶ 208 (Amended Complaint or "AC"). He filed the instant action *pro se* on March 6, 2024. ECF No. 1 (Complaint). Plaintiff was sworn in as an attorney on July 16, 2024. ECF No. 17 (Letter Addressed to Magistrate Judge Scanlon). And he filed his Amended Complaint on January 16, 2025. ECF No. 37. Consistent with the Court's prior orders in this case, the Court does not afford Plaintiff the special latitude generally granted to *pro se* litigants. *See* December 16, 2024, and December 27, 2024, Text Orders.

assistant principals Vasilios Manolios ("AP Manolios") and Henri Huezo ("AP Huezo"). AC ¶¶ 9–15. [2]

Plaintiff alleges nine causes of action, including violations of the federal Age Discrimination in Employment Act of 1967 ("ADEA"); the Americans with Disabilities Act ("ADA"); the New York State Human Rights Law, N.Y. Exec Law § 296 ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8–101 *et. seq.* ("NYCHRL"); the First Amendment, pursuant to 42 U.S.C. § 1983; and Title IX; as well as intentional infliction of emotional distress ("IIED"); conspiracy to commit fraud; and libel *per se.* AC ¶¶ 1, 4. Defendants move to dismiss Plaintiff's Amended Complaint for failure to state a claim for relief. [3] *See* Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, Defendants' motion is GRANTED.

## BACKGROUND

The Court draws the following facts from Plaintiff's Amended Complaint and other documents of which the Court takes judicial notice. [4] Plaintiff is a tenured music teacher, in his

---

[2]   The Court refers to the pages assigned by the Electronic Case Files system ("ECF"). Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.

[3]   The motion papers consist of:  ECF No. 41 (Defendants' Motion to Dismiss; "Mot."); ECF No. 42 (Plaintiff's Opposition; "Opp."); and ECF No. 44 (Defendants' Reply; "Reply").

[4]   The Court is "required to treat [Plaintiff's] factual allegations as true, drawing all reasonable inferences in favor of Plaintiff[] to the extent that the inferences are plausibly supported by allegations of fact." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021). The Court therefore "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *Id.* Although the general rule is that a plaintiff may not raise new allegations in his opposition to a motion to dismiss, because Plaintiff is representing himself (even though he is a lawyer), the Court will nevertheless grant him some leeway by considering both the allegations in the Amended Complaint and in Plaintiff's Opposition in deciding the motion. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d

2

50s, who suffers from migraines. AC ¶¶ 8, 16. Plaintiff was hired at the School in 2017 and alleges that from 2017 to 2024, he experienced discrimination, a hostile work environment, and retaliation from Defendants related to his participation at union meetings, "whistleblowing," age, and migraines. *Id.* ¶¶ 18, 229, 230, 234, 239. Plaintiff filed complaints against the DOE with the New York State Division of Human Rights ("SDHR") on May 8, 2023, and with the Equal Employment Opportunity Commission ("EEOC") on May 10, 2023. *Id.* ¶¶ 150–51.

Plaintiff's Amended Complaint recounts numerous disagreements, misunderstandings, and quarrels he has had with School administrators and students over the course of seven years. These include disagreements over grading policies, observation reports, allocation of per-session opportunities,[5] and workplace professionalism; misunderstandings about scheduling, timeliness, and attendance; sexual misconduct allegations filed by students and colleagues against Plaintiff (at least some of which were later determined to be unsubstantiated); and other incidents to which School administrators allegedly did not react, like when students recorded Plaintiff, stared into his classroom, or caused him to fall by pulling a piano bench from under him. The Court recounts only those allegations relevant to its analysis but does not detail the full panoply of grievances raised by Plaintiff.

---

Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *Guzman v. Barr*, No. 19-cv-7163, 2021 WL 135909, at *2 (S.D.N.Y. Jan. 14, 2021) ("In addition to what is contained in the complaint, the Court may consider factual statements made in a *pro se* plaintiff's opposition to a motion to dismiss.").

[5]     Per-session opportunities are paid, supplemental activities that public school employees can be approved to do before or after school, on the weekends, or on holidays. *See Per Session Jobs*, NYC Public Schools, https://www.schools.nyc.gov/careers/other-jobs-in-schools/per-session-jobs [https://perma.cc/HP34-JC9U].

3

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. Although all factual allegations in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* "[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008).

In addition to requiring sufficient factual matter to state a plausible claim for relief, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide a short, plain statement of the claim against the defendant so that he or she has adequate notice of the claims being asserted. *See Iqbal*, 556 U.S. at 677–78 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* at 678. To satisfy this standard, the complaint must, at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "Plaintiff must allege sufficient facts to state a plausible claim against *each* defendant named in his amended

4

complaint." *Mitchell v. Macy's Inc.*, No. 17-cv-1845, 2017 WL 11453552, at *4 (S.D.N.Y. May 3, 2017) (emphasis added).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," along with any document for which "the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). In deciding Defendants' motion to dismiss, the Court will therefore consider exhibits attached to Defendants' motion, to the extent relied upon or referenced in the Amended Complaint or Plaintiff's Opposition, and exhibits attached to the Amended Complaint.

## DISCUSSION

The Court dismisses Plaintiff's federal claims—(i) retaliation in violation of the First Amendment; (ii) sex discrimination in violation of Title IX; (iii) age discrimination, retaliation, and hostile work environment in violation of the ADEA; and (iv) disability discrimination, retaliation, and hostile work environment in violation of the ADA—for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Because the Court dismisses Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

### I.    First Amendment Retaliation Claim

Plaintiff brings First Amendment retaliation claims, pursuant to 42 U.S.C. § 1983, against the DOE, Principal Dwarka, Principal St. Aubain, AP Crea Mason, AP Morales, AP Manolios, and AP Huezo. The First Amendment protects speech uttered by an employee in his capacity as a citizen regarding a matter of public concern. *Smith v. Cnty. of Suffolk*, 776 F.3d 114, 118 (2d

5

Cir. 2015) (citing *Lane v. Franks*, 573 U.S. 228, 237 (2014)). To allege a First Amendment retaliation claim, a public employee plaintiff must plead facts showing that (1) he engaged in protected First Amendment activity, (2) he suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action. *Specht v. City of New York*, 15 F.4th 594, 599–600 (2d Cir. 2021); *Rivera v. N.Y.C. Dep't of Educ.*, No. 21-cv-6134, 2023 WL 2563665, at *8 (E.D.N.Y. Feb. 3, 2023).

Plaintiff alleges that Defendants "falsely accused and reassigned [him] away from the school" in retaliation for filing union grievances and "whistleblowing" against the School administration. AC ¶¶ 229, 230. Defendants argue that Plaintiff's speech was not protected and that, even if it was protected, there was no causal connection to any alleged adverse action. *See* ECF No. 41 at 26–27. Even assuming, without deciding, that Plaintiff's speech was protected and the accusations against him and his reassignment were adverse employment actions, the Court agrees with Defendants that the Amended Complaint fails to plausibly allege a causal connection.

### A.    *Alleged Speech and Adverse Employment Actions*

Before addressing causal connection, the Court briefly recounts Plaintiff's alleged speech and the adverse employment actions taken against him. Plaintiff's speech falls into two categories: union activities and "whistleblowing." *See* AC ¶ 229. The adverse actions likewise fall into two categories: false accusations and reassignment away from the School. *Id.* ¶ 230.

Regarding Plaintiff's union activities, he alleges that from 2017 through the present he "actively participated in union meetings, engaging in discussion of . . . practices and policies including pressuring teachers to fix grades and constructively to terminate aged employees"; voiced his concerns about grade fixing "on repeated occasions and regularly" in meetings; and

6

from September 16–23, 2022, ran for a leadership position within the union. *Id.* ¶¶ 21, 128, 223, 229. The Amended Complaint does not say what statements Plaintiff made at these union meetings, when he made them, or whether any Defendant was aware of Plaintiff's statements. [6]

As for Plaintiff's "whistleblowing," Plaintiff alleges that he provided documentation of grade fixing and age discrimination to a *New York Post* reporter on June 15, 2022, and three days later she published an article based on information Plaintiff provided. *See id.* ¶¶ 122–23. Beginning in October 2022, Plaintiff also furnished similar documentation to the founding editor/president of various local media outlets. [7] *Id.* ¶ 134. Again, the Amended Complaint does not say what Plaintiff told the reporter or the editor, what the "documentation" was, or whether any Defendant was even aware of Plaintiff's contact with media outlets. The Amended Complaint only alleges that, on an unspecified date, Principal Dwarka referenced the *New York Post* article at a faculty meeting. *Id.* ¶ 123. But this falls far short of plausibly alleging that Principal Dwarka, much less any of the other Defendants, knew about Plaintiff's communications with the reporter. Plaintiff claims that at least one of the published versions of the article "clearly identified" him because the article credited a music teacher who began working at the School five years prior and previously complained about plagiarized work. *Id.*; Opp. at 26. Plaintiff does not attach a copy of this alleged version of the article to either his Amended Complaint or his Opposition, nor does he plead any facts indicating which (if any) of the Defendants read the version he claims "clearly identified" him. The Court takes judicial

---

[6]     In his Opposition, Plaintiff claims in conclusory fashion that the Defendants "were well aware" of his union activities. Opp. at 27. "[C]onclusory statements cannot substitute for minimally sufficient factual allegations." *Grantley v. City of New York*, No. 12-cv-8294, 2013 WL 6139688, at *1 (S.D.N.Y. Nov. 21, 2013).

[7]     Notably, Plaintiff does not allege that any of these local media outlets published anything as a result of the information he purportedly provided to the editor.

7

notice that the article Plaintiff relies on, as it exists on the *New York Post* website, contains none of the so-called identifying information that Plaintiff alleges. [8]

Plaintiff alleges that, as a result of his speech, he was falsely accused of sexual misconduct and reassigned away from the School. [9] AC ¶ 230. Plaintiff alleges that he was falsely accused, when on January 18, 2018, unbeknownst to him, police were called regarding allegations made against him of sexual misconduct involving a student. *Id.* ¶ 42. The Amended Complaint does not say who called the police or specify which (if any) of the Defendants was involved.

With respect to reassignment, on October 6, 2022, Plaintiff was removed from class and given a letter instructing him "to report immediately for reassignment." *Id.* ¶ 132. The letter indicated that Plaintiff was the subject of an investigation by the NYC Special Commissioner of Investigations ("SCI") and would be administratively reassigned from his normal duties and suspended from "all per session activities, after school activities, summer school assignments[,] and/or coaching responsibilities[,]" pending resolution of the matter. ECF No. 41-3

---

[8] *See* Susan Edelman and Melissa Klein, *Teachers say they're pushed to pass students who skipped class all year*, NEW YORK POST (June 18, 2022, 17:23 ET), https://nypost.com/2022/06/18/bryant-hs-teachers-say-they-must-pass-all-students/ [https://perma.cc/6Z7T-NZQE]. This article is also cited by Defendants. *See* Mot. at 27. "[C]ourts considering a motion to dismiss may take judicial notice of the *fact* that press coverage contained certain information so long as they do not rely on the 'truth' of that information." *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 127 n.11 (2d Cir. 2013) (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.* 547 F.3d 406, 425 (2d Cir. 2008) (emphasis in original).

[9] A teacher who is the subject of a misconduct investigation may be assigned by the DOE to an administrative assignment within the school, an administrative office away from the school, or suspended without pay. *See Reassignment*, United Federation of Teachers, https://www.uft.org/your-rights/know-your-rights/reassignment [https://perma.cc/NWY9-BMKC].

8

(Reassignment Letter). After the SCI determined the allegation was unsubstantiated, Plaintiff returned to work from reassignment on May 30, 2023. AC ¶¶ 152–53.

### B. Causal Connection

"To permit an inference of causation, a plaintiff must show that the protected activity was a substantial motivating factor in the adverse employment action." *Specht*, 15 F.4th at 605. "That is to say, the adverse employment action would not have been taken absent the employee's protected speech." *Rivera*, 2023 WL 2563665, at *9. A plaintiff can establish causation either directly, with evidence of retaliatory animus, or indirectly, by circumstantial evidence. *Id.* One way to prove causation is by "showing that the adverse employment decision and the protected activity were close in time." *Specht*, 15 F.4th at 605. The Second Circuit has not drawn a bright line defining when a temporal relationship is too attenuated to establish a causal relationship, but if a plaintiff seeks to rely solely on temporal proximity, the protected activity and alleged retaliation must have occurred "very close" in time. *See Farooq v. City of New York*, No. 20-cv-3185, 2022 WL 793117, at *4 (2d Cir. Mar. 16, 2022). "Courts in the Second Circuit have generally found periods greater than two months to be too long to support the inference of causation." *Morales v. City of New York*, 525 F. Supp. 3d 463, 479 (S.D.N.Y. 2021) (collecting cases), *aff'd*, No. 21-cv-925, 2022 WL 2840035 (2d Cir. July 21, 2022). Regardless of temporal proximity, "it is axiomatic that a First Amendment retaliation claim does not exist where the defendants had no knowledge of the allegedly protected speech." *Id.*

Here, the Amended Complaint merely claims in a speculative and conclusory fashion that the police were called on January 18, 2018, "in retaliation for union activity and refusal to fix grades[.]" AC ¶ 42. This is insufficient to plead a causal connection between Plaintiff's speech and the allegedly false accusation against him, especially when paired with Plaintiff's

9

vague allegations of union activities and failure to plead facts plausibly indicating that any of the Defendants knew about whatever Plaintiff purports to have said at union meetings.

Plaintiff's claim that his reassignment was in retaliation for union activities and "whistleblowing," *see id.* ¶¶ 229, 230, is similarly insufficient to plead causation. As already explained, Plaintiff's allegations of his union activities are simply too vague, and he does not plead facts plausibly alleging that any Defendants were aware of what he said at union meetings. Regarding "whistleblowing," Plaintiff argues that a causal connection may be inferred based on temporal proximity. *See* Opp. at 27–28. Plaintiff's reassignment was approximately three and a half months after the *New York Post* article was published on June 18, 2022. Whether this proximity is close enough to infer causation depends on whether there are additional allegations supporting causation. *See Farooq*, 2022 WL 793117, at \*4. Here, there are none. [10] And retaliation for Plaintiff's "whistleblowing" to the editor is implausible because Plaintiff does not allege that his "whistleblowing" occurred prior to his reassignment. Moreover, the Amended Complaint does not allege that any Defendant was aware of Plaintiff's communications with the *New York Post* reporter or the editor of various local media outlets.

In sum, the Amended Complaint fails to plausibly allege a causal connection between Plaintiff's speech and the alleged adverse employment actions. Therefore, Plaintiff's First Amendment retaliation claims against the DOE, Principal Dwarka, AP Crea Mason, Principal St. Aubain, and AP Morales are dismissed.

---

[10] Making a causal inference even less plausible, the investigation of Plaintiff for sexual misconduct with a minor began over two months *prior* to his communications with the reporter. Plaintiff acknowledges that, after filing his Amended Complaint, he received an SCI report of the investigation, dated April 6, 2022. *See* Opp. at 28 n.3.

## II.    Title IX Claim

Plaintiff brings Title IX claims against the DOE, Principal Dwarka, Principal St. Aubain, AP Crea Mason, and AP Morales. "Title IX prohibits sex discrimination by recipients of federal education funding." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005). The statute provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a). [11] Because Title IX imposes a condition on the receipt of federal funds, "a plaintiff may obtain damages only when the funding recipient engages in intentional conduct that violates the clear terms of the statute." *Schiebel v. Schoharie Cent. Sch. Dist.*, 120 F.4th 1082, 1093 (2d Cir. 2024). Title IX does "not authoriz[e] suit against school officials, teachers, and other individuals, since they do not personally receive federal education funding." *Doe v. Trs. of Columbia Univ. in City of New York*, No. 21-cv-5839, 2022 WL 3666997, at *11 (S.D.N.Y. Aug. 25, 2022).

A plaintiff may pursue a Title IX discrimination claim against a funding recipient under a deliberate indifference theory. [12] Deliberate indifference involves a funding recipient's official decision not to remedy known acts of sex discrimination (such as sexual harassment), committed by private individuals within the funding recipient's program, of which an official with authority to act on the school's behalf had actual knowledge. *See Schiebel*, 120 F.4th at 1094; *Gebser v.*

---

[11]    Although the statute only expressly provides for enforcement by the government, *see* 20 U.S.C. § 1682, the Supreme Court has recognized an implied private right of action for injunctive relief and monetary damages. *See Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 76 (1992).

[12]    In a footnote in his Opposition, Plaintiff also argues that Defendants discriminated against him by "not taking the complaint and harassment seriously because of sex-based bias." Opp. at 35 n.4. The Amended Complaint does not plead facts sufficient to plausibly allege this theory, nor does Plaintiff provide any factual support for this claim in his Opposition.

11

*Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). "Liability only arises if a plaintiff establishes: (1) substantial control, (2) severe and discriminatory harassment, (3) actual knowledge, and (4) deliberate indifference." *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 665 (2d Cir. 2012).

Here, Plaintiff pursues a deliberate indifference theory against Defendants DOE, Principal Dwarka, AP Crea Mason, Principal St. Aubain, and AP Morales. AC ¶¶ 290–92. Plaintiff alleges that on March 6, 2023, he received 39 emails "containing hate speech and sexually explicit harassment" to his school email account from two anonymous cell phone numbers. *Id.* ¶ 146. [13] Approximately one month later, Plaintiff reported the anonymous messages to Principal St. Aubain. *Id.* On May 30, 2023, "and thereafter," Plaintiff expressed to Principal St. Aubain, AP Crea Mason, and AP Morales "his fear of further harassment" by the anonymous emailers and "inquired regarding measures taken to protect him from further sexual harassment and abuse." *Id.* ¶ 155. Plaintiff claims that Principal St. Aubain, AP Crea Mason, and AP Morales "declined to respond in any way" to his inquiries. *Id.* Plaintiff does not explain why he initially sought help from them when the emailers' identities were unknown, but does allege that he first learned that the anonymous emailers were two students on June 27, 2023—the last day of the spring semester. *Id.* ¶ 169. [14] He claims he presented the evidence to AP Morales and requested a meeting with Principal St. Aubain. *Id.* After not receiving a reply from

---

[13] Plaintiff fails to provide any details about the 39 emails, nor does he attach any to his Amended Complaint.

[14] Plaintiff does not explain how he learned the identities of the email senders.

12

AP Morales, Plaintiff emailed Principal St. Aubain, copying a DOE superintendent. *Id.* Neither Principal St. Aubain nor the superintendent replied. *Id.* [15]

As an initial matter, because there is no individual liability under Title IX, those claims against the individual defendants—Principal Dwarka, AP Crea Mason, Principal St. Aubain, and AP Morales—must be dismissed. *See Stapon v. Riverhead Cent. Sch. Dist.*, No. 19-cv-4708, 2021 WL 12319295, at *3 (E.D.N.Y. Apr. 5, 2021) ("Numerous district courts in the Second Circuit have held that there is no individual liability under Title IX."). Next, because Plaintiff alleges that the DOE is a recipient of federal education funding for Title IX purposes, *see* AC ¶ 286, the Court proceeds with its analysis of this claim only against the DOE.

Assuming, without deciding, that student-on-teacher sexual harassment can rise to the level of "discrimination" for purposes of Title IX, [16] Plaintiff still fails to plausibly allege that the NYDOE was deliberately indifferent. First, Plaintiff fails to plead that the DOE exercised substantial control over his alleged harassment. Second, the alleged sexual harassment does not

---

[15] Plaintiff also alleges in a vague and conclusory fashion that he was "harass[ed]" by the students on other occasions in June and September 2023. *Id.* ¶¶ 163, 178. However, the Amended Complaint does not plead facts indicating that those other occasions involved sexual harassment or sex discrimination. Therefore, such allegations are not actionable under Title IX. *See, e.g., Doe v. Columbia Univ.*, No. 20-cv-06770, 2022 WL 4537851, at *25 (S.D.N.Y. Sept. 28, 2022) (harassment forming the basis for a Title IX claim must be "gender-oriented").

[16] Although employees may bring Title IX sex discrimination claims against federally funded education programs, *Vengalattore v. Cornell Univ.*, 36 F.4th 87, 104 (2d Cir. 2022), no binding authority has addressed the more specific situation in this case—a teacher bringing a Title IX suit for deliberate indifference to student-on-teacher sexual harassment. The Court considers *Vandermeulen v. Loudoun Cnty. Sch. Bd.*, No. 24-cv-344, 2024 WL 3236711, at *4 (E.D. Va. June 28, 2024) instructive. There, the court applied the same standard used in student-on-student harassment cases to determine whether the plaintiff (a teacher's assistant) sufficiently alleged that a school board was deliberately indifferent to her reports of student-on-teacher sexual harassment. *See id.* The Court takes the same approach here.

13

rise to the severe and discriminatory level required to be actionable. Finally, Plaintiff fails to plausibly allege that the DOE's response was clearly unreasonable.

### A.    *Substantial Control*

"A school district will be subject to liability for third-party conduct only if it 'exercises substantial control over both the harasser and the context in which the known harassment occurs.'" *Zeno*, 702 F.3d at 665 (citing *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 644–45 (1999). Only then can the funding recipient be said to "expose" the alleged victim to harassment or "cause" them to undergo the harassment "under" the funding recipient's programs. *Davis*, 526 U.S. at 645. Courts have found that when a student's misconduct occurs "during school hours and on school grounds," the funding recipient exercises substantial control over both the harasser and the context in which the known harassment occurs. *See id.* at 646.

Here, however, Plaintiff does not plausibly allege that the DOE had "substantial control" over the context in which the sexual harassment occurred. Plaintiff does not allege, for example, that the March 6, 2023, anonymous messages were sent from the School's campus, sent during school hours, drafted using DOE resources, devices, or accounts, or that the email senders were otherwise within the DOE's "substantial control." *See Doe v. Sacks*, 714 F. Supp. 3d 402, 413–14 (S.D.N.Y. 2024) (fact that a Google spreadsheet was created by anonymous university students and accessible via QR code around campus did not confer substantial control by university over the spreadsheet itself). This failure to allege "substantial control" is a sufficient reason to dismiss the Title IX claim. *Zeno*, 702 F.3d at 665.

14

B.      *Severe and Discriminatory Harassment*

Next, even assuming that the DOE had "substantial control" over both the email senders and the context in which they sent the messages, not all harassment is actionable under Title IX. *Id.* The sexual harassment alleged must be "so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." *Davis*, 526 U.S. at 650. Pervasive harassment "means that the challenged incidents are more than episodic; they must be sufficiently continuous and concerted." *Hayut v. State Univ. of New York*, 352 F.3d 733, 745 (2d Cir. 2003). "Whether gender-oriented conduct rises to the level of actionable harassment thus depends on a constellation of surrounding circumstances, expectations, and relationships, including, but not limited to, the ages of the harasser and the victim and the number of individuals involved." *Davis*, 526 U.S. at 651. "Courts, moreover, must bear in mind that schools are unlike the adult workplace and that children may regularly interact in a manner that would be unacceptable among adults." *Id.* "It is thus understandable that, in the school setting, students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to [victims] subjected to it." *Id.* at 651–52. Damages "are not available for simple acts of teasing and name-calling among school children . . . even where these comments target differences in gender." *Id.* at 652.

Here, the emails fall short of the kind of harassment found actionable under Title IX. Although Plaintiff alleges that he received 39 anonymous messages on March 6, 2023, "containing hate speech and sexually explicit harassment," AC ¶ 146, it appears to have been an isolated incident. As Defendants correctly point out, the Amended Complaint alleges no other instances of sexual harassment against Plaintiff. Mot. at 32; Reply at 16. Accordingly, Plaintiff's allegations do not rise to the requisite level of severity or pervasiveness. *Cf. Davis*,

15

526 U.S. at 633–34, 653–54 (vulgar comments and sexually harassing conduct, including sexual battery, occurring repeatedly over five months was sufficiently severe to state a claim). Nor do Plaintiff's conclusory allegations that the anonymous messages "contain[ed] hate speech and sexually explicit harassment" plead facts sufficient to infer that the messages were objectively offensive. *See R.S. v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 371 F. App'x 231, 233 (2d Cir. 2010) (high school student's email messages that were profane and disparaged victim's appearance, contained a crude sexual request, and declared in explicit terms the author's intent to have sex with the victim were not objectively offensive for Title IX purposes). Plaintiff's later discovery that the anonymous senders were students only further diminishes any objective offensiveness. *See Davis*, 526 U.S. at 651 (reminding courts that schoolchildren regularly interact in ways that would be unacceptable among adults). Finally, the Amended Complaint fails to allege, as it must, that Plaintiff was deprived of access to any "educational opportunities or benefit as a result of [the] harassment." *Trustees of Columbia Univ.*, 2022 WL 3666997, at *12 (dismissing Title IX deliberate indifference claim where the plaintiff failed to allege any link between her education and the alleged misconduct). Like with his failure to allege "substantial control," *Zeno*, 702 F.3d at 665, Plaintiff's failure to plead more than conclusory allegations about the harassment is a standalone basis to dismiss the Title IX claim.

### C. *"Clearly Unreasonable" Response*

Finally, even if the DOE had "substantial control," *id.*, and the harassment was sufficiently severe to be actionable, *see Davis*, 526 U.S. at 652, funding recipients may be liable for damages "only where their own deliberate indifference effectively caused the discrimination[.]" *Id.* at 642–43. Where a plaintiff seeks to hold a school district liable for an individual's actions, the plaintiff must allege facts plausibly indicating that the school district's

16

response to the sexual harassment was "clearly unreasonable in light of known circumstances." *Schiebel*, 120 F.4th at 1094–95. A court will consider both the timeliness and the nature of the funding recipient's response. *Id.* at 1095. A plaintiff might allege deliberate indifference "by showing that the recipient knowingly refused to take any action in response to the behavior, such as investigating or putting an end to the harassment, . . . or that the response only followed after a lengthy and unjustified delay[.]" *Id.* However, the standard does not require funding recipients to "remedy" student harassment. *Davis*, 526 U.S. at 648. The funding recipient "must merely respond to known [student] harassment in a manner that is not clearly unreasonable[,]" which, as the Supreme Court emphasized, "is not a mere reasonableness standard." *Id.*

It is unclear whether Plaintiff alleges that the DOE took zero action in response to the alleged sexual harassment, or whether he is merely claiming that School administrators did not reply to his inquiries regarding protective measures to prevent further sexual harassment. *See* AC ¶¶ 155, 169. In any event, given that the sexual harassment was anonymous, there was little the DOE could do. *See Doe v. Colgate Univ.*, No. 15-cv-1069, 2017 WL 4990629, at *23 (N.D.N.Y. Oct. 31, 2017), *aff'd*, 760 F. App'x 22 (2d Cir. 2019) ("[University] could do little about alleged harassment that . . . was wholly anonymous."). Plaintiff argues that the DOE "could have investigated phone numbers and taken protective measures and corrective actions," Opp. at 34, but Title IX does not give victims the right to specific remedial measures. *See, e.g., Trustees of Columbia Univ.*, 2022 WL 3666997, at *14 ("While [the plaintiff] might have wanted a different response from [the school] . . . the standard is not whether the school responded in a particular manner, but whether [its] response was clearly unreasonable in light of all the known circumstances."). By the time Plaintiff allegedly discovered the emailers' identities, the sexual harassment had long ceased. Moreover, Plaintiff does not allege that the

17

DOE's action or inaction "caused" him to undergo further sexual harassment. *See Zeno*, 702 F.3d at 666 ("school's action—or inaction—must, at a minimum, cause [victims] to undergo harassment or make them liable to or vulnerable to it").

In short, the Amended Complaint fails to plausibly allege that the Defendants were deliberately indifferent to severe sexual harassment over which they had substantial control. Therefore, Plaintiff's Title IX claim against the DOE is dismissed.

### III.   ADEA and ADA Claims

Plaintiff claims that the DOE violated the ADEA and ADA by discriminating against him because of his age and migraines, retaliating against him, and creating a hostile work environment from September 2017 through October 2023.

#### A.   *Time-Barred Claims*

Plaintiff's ADEA and ADA claims for discrimination and retaliation that accrued prior to July 14, 2022, are time-barred. As a "precondition" to filing an ADEA or ADA employment discrimination claim in federal court, "a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Mitchell v. Planned Parenthood of Greater New York, Inc.*, 745 F. Supp. 3d 68, 87 (S.D.N.Y. 2024). In New York, which has a local administrative mechanism for pursuing discrimination claims, a plaintiff must file a charge with the EEOC within 300 days after the alleged unlawful employment practice occurred. *Id.* Here, Plaintiff filed his EEOC complaint on May 10, 2023, AC ¶ 151, resulting in an accrual date of July 14, 2022.

Plaintiff does not contest the statutory limitations period, but he argues that the continuing violation, or continuing wrong, doctrine applies to his discrimination and retaliation claims. Opp. at 12. The doctrine, disfavored by federal courts in this circuit, does not apply for

18

two reasons. *See Kleinman v. Fashion Inst. of Tech.*, No. 16-cv-4348, 2017 WL 3016940, at *8 (S.D.N.Y. July 14, 2017) ("[C]ourts in the Second Circuit have viewed continuing violation arguments with disfavor.").

First, Plaintiff may not invoke the doctrine because he did not assert that theory in his EEOC filing, as required. *See id.* ("A plaintiff may not rely on a continuing violation theory of timeliness unless [he] has asserted that theory in the administrative proceedings.") (citing *Fitzgerald v. Henderson*, 251 F.3d 345, 360 (2d Cir. 2001)). In his EEOC complaint, Plaintiff did not mark the box indicating that the alleged discrimination was of a continuing nature. *See* ECF No. 37-1 at 8 (EEOC Charge of Discrimination).

Second, even if he had asserted a continuing violation before the EEOC, the doctrine is inapplicable to Plaintiff's discrimination and retaliation claims because these claims do not require an accumulation of acts to meet a threshold level of mistreatment. *See Harris v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, 230 F. Supp. 3d 88, 98 (E.D.N.Y. 2017) ("The continuing violation doctrine applies only to harassment claims. It is inapplicable to discrimination and retaliation claims."). The continuing violation doctrine applies to claims that only accrue after the plaintiff has been subjected to some threshold level of mistreatment. *See Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015). It does not apply to discrete unlawful acts, "even where those discrete acts are part of a 'serial violation.'" *Id.* (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15 (2002)).

Therefore, Plaintiff's ADEA and ADA discrimination and retaliation claims premised on discrete acts that occurred before July 14, 2022, [17] are time-barred. *See Mitchell*, 745 F. Supp.

---

[17]     Plaintiff argues that all claims related to alleged disparity in earnings should be deemed timely and tolled because he first received notice of the disparities in early 2024. Opp. at 13. This argument is inconsistent with allegations in the Amended Complaint. For example,

19

3d at 87–88. However, pre-July 14, 2022, events may serve as "background evidence" to support timely ADEA and ADA claims. *See id.*

### B. ADEA Claims

With respect to the timely ADEA claims, Plaintiff nevertheless fails to plausibly plead age discrimination, retaliation, or hostile work environment.

#### i. Age Discrimination

The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To plead age discrimination, a plaintiff must allege that: (1) he was within the protected age group (over 40 years old); (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination. *Mirinaviciene v. Keuka Coll.,* No. 24-cv-1006, 2025 WL 783646, at *1 (2d Cir. Mar. 12, 2025). Plaintiff plausibly alleges the first two elements of his discrimination claim—that he is over 40 years old and qualified, as a tenured teacher, for his position. *See* AC ¶¶ 8, 16. However, much of the conduct alleged in the Amended Complaint does not rise to the level of adverse employment action. Nor does Plaintiff plausibly allege that the conduct attributed to the DOE was undertaken because of his age.

An adverse employment action is "a materially adverse change in the terms and conditions of employment." *Clarke-Green v. N.Y.C. Dep't of Educ.,* No. 17-cv-778, 2019 WL 13149583, at *7 (E.D.N.Y. Mar. 20, 2019). "To be materially adverse, a change in working

---

Plaintiff alleges that in June 2022, he provided documentation to the New York Post reporter about "aged teachers" being denied equal pay and per-session opportunities as compared to younger teachers. AC ¶ 122. Plaintiff also alleges that he filed two FOIL requests, in December 2022 and February 2023, regarding the "unfair allocation of per-session funds to music colleagues and inequitable pay." *Id.* ¶¶ 138, 145. Accordingly, these claims are not tolled.

20

conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* Examples of materially adverse changes include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Id.*; *see also Herling v. N.Y.C. Dep't of Educ.*, No. 13-cv-5287, 2014 WL 1621966, at *6 (E.D.N.Y. Apr. 23, 2014) ("Denying an employee the opportunity to work overtime, comp time, or additional per-session employment may . . . constitute an adverse employment action."); *Wanamaker v. Westport Bd. of Educ.*, 899 F. Supp. 2d 193, 208 (D. Conn. 2012) (plaintiff plausibly alleged an adverse employment action where she was transferred to a substitute teaching position that was not equivalent to her original position).

Plaintiff alleges that he received disciplinary letters, received poor reviews, and was the subject of multiple investigations. *See* AC ¶ 234. Plaintiff also claims that he was denied per-session opportunities, *id.* ¶¶ 130, 148, 154, 185; involuntarily reassigned away from the School, *id.* ¶¶ 132, 152–53; ECF No. 41-3; received letters to his personnel file and problem codes [18] attached to his file, AC ¶¶ 141, 152, 160, 161, 170; publicly reprimanded, *id.* ¶¶ 158, 189; "demoted" to substitute status, *id.* ¶ 153; and that his attendance absences were misreported, *id.* ¶¶ 168, 206.

Except for the alleged per-session opportunity denials, reassignment away from the School, and demotion to substitute status, *see Herling*, 2014 WL 1621966, at *6; *Wanamaker*, 899 F. Supp. 2d at 208; *Clarke-Green*, 2019 WL 13149583, at *7, none of the other alleged conduct amounts to a materially adverse change in the terms and conditions of employment.

---

[18]   The Court understands a "problem code" to be a note or tag in a DOE employee's human resources file, indicating that the employee has engaged in misconduct. *See* ECF No. 41-4 at 3 (Plaintiff's Notice of Claim).

*See, e.g., Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25, 54–55 (S.D.N.Y. 2019) (receiving disciplinary letters, being denied preferred teaching assignments, selecting another teacher to lead after-school programs, and receiving inferior equipment are not adverse employment actions); *Morrison v. Potter*, 363 F. Supp. 2d 586, 591 (S.D.N.Y.2005) (reprimands, even those that cause an employee embarrassment or anxiety, are not materially adverse alterations of employment conditions). Accordingly, the Court proceeds with the analysis assuming only that the alleged per-session denials, reassignment from the School, and demotion to substitute status are adverse employment actions.

A plaintiff must plausibly allege that his employer took adverse action "because of" his age. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 302–03 (2d Cir. 2021). It is not sufficient for a plaintiff to allege that age was simply a "motivating factor" for the employer's adverse action. *See id.* A plaintiff may raise an inference of discrimination by plausibly alleging that another employee, who is not in the plaintiff's protected group but is otherwise similarly situated to the plaintiff in all material respects, received better treatment. *See Mirinaviciene*, 2025 WL 783646, at *2. "What constitutes 'all material respects' varies from case to case, but the standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases." *Id.*

Here, Plaintiff seeks to raise an inference of discrimination by alleging that his younger colleagues received per-session opportunities when he did not. AC ¶¶ 130, 154, 185. But the Amended Complaint provides no information about how per-session opportunities are allotted and under what circumstances those opportunities arise. Although Plaintiff alleges that his comparators were younger than him, *id.* ¶ 77, there are insufficient facts to plausibly infer that the comparators were similarly situated in all material respects. For example, the Amended

22

Complaint does not indicate whether any of the comparators were also being investigated for sexually-related misconduct like Plaintiff, had been put on reassignment like him, or applied for the same per-session opportunities as him. *See* ECF No. 41-3 (Plaintiff's reassignment letter indicates that he was suspended from all per-session activities, after-school activities, summer school assignments, and/or coaching responsibilities pending resolution of the investigation). Thus, Plaintiff's allegation that he did not receive certain per-session opportunities because of his age is "too conclusory and generalized to support a plausible inference of discrimination." *See Mirinaviciene*, 2025 WL 783646, at *2.

Plaintiff's claim that he was reassigned because of his age also fails to support a plausible inference of discrimination. *See id.* In a speculative and conclusory fashion, he merely alleges that Defendants "target[ed] [him] with the intention to reassign him from the School and replace him with a younger counterpart." AC ¶ 235. This allegation is insufficient to sustain an inference of discrimination.

Finally, Plaintiff's claim that his demotion to substitute status was discriminatory is also too conclusory and speculative. Regarding the demotion, the Amended Complaint merely alleges that Plaintiff's comparators had been assigned to cover his music classes while he was away on reassignment and served as a substitute teacher. *See* AC ¶ 153. That is insufficient to infer discriminatory intent. *See Marcus v. Leviton Mfg. Co.*, 661 F. App'x 29, 32–33 (2d Cir. 2016) ("Without more, the mere fact that an older employee was replaced by a younger one does not plausibly indicate discriminatory motive."); *see also Payne v. Malemathew*, No. 09-cv-1634, 2011 WL 3043920, at *2 & n.3 (S.D.N.Y. July 22, 2011) (plaintiff's allegation that he was the oldest employee in his department and that he was replaced by two younger employees after his termination did not support an inference of discrimination). Thus, the Amended Complaint fails

23

to plausibly allege that the conduct attributed to the DOE was undertaken because of Plaintiff's age.

ii.     Retaliation

The ADEA makes it unlawful for an employer to retaliate against an employee who opposes discriminatory practices barred by the ADEA. *See* 29 U.S.C. § 623(d). To plead retaliation, a plaintiff must allege that: (1) defendants discriminated—or took an adverse employment action—against him (2) because he opposed an employment practice unlawful under the ADEA or participated in an investigation, proceeding, or litigation under it. *Doheny v. Int'l Bus. Machines, Corp.*, 714 F. Supp. 3d 342, 365 (S.D.N.Y. 2024). Like with an ADEA discrimination claim, a but-for causal relationship is required to state a claim for retaliation. *Lively*, 6 F.4th 293 at 303–04. A plaintiff must plausibly allege that the unlawful retaliation would not have occurred in the absence of the employer's wrongful action or actions. *See id.* at 304. A plaintiff can do so either (i) "directly, through evidence of retaliatory animus directed against the plaintiff by the defendant" or (ii) "indirectly," through other circumstantial evidence—like showing that discriminatory treatment followed closely after the protected activity or that fellow employees who engaged in similar conduct were treated differently. *Doheny*, 714 F. Supp. 3d at 366. Pleading indirect causation, however, still requires the employer to have known that the employee engaged in protected activity. *Id.*

Plaintiff alleges that he opposed the alleged discrimination by filing complaints against the DOE with the SDHR on May 8, 2023, and the EEOC on May 10, 2023. AC ¶¶ 150–51. On May 30, 2023, approximately three weeks after filing his SDHR and EEOC complaints, Plaintiff returned to work from his reassignment and was "demoted" to substitute status. *Id.* ¶ 153. Also on May 30, 2023, "and repeatedly thereafter," Plaintiff applied to Principal St. Aubain for "all

24

per-session opportunities provided to other music departmental colleagues and for summer school placement" at the School, but never received a response to these applications. *Id.* ¶ 154. On September 14, 2023, Plaintiff submitted applications for eight per-session opportunities, six of which were denied and two which were left pending. *Id.* ¶ 185. Plaintiff alleges that his music colleagues all received multiple per-session assignments. *Id.*

Here too, the Amended Complaint fails to plausibly allege that there was a causal relationship between the agency complaints filed by Plaintiff and the adverse employment actions—denial of per-session opportunities, reassignment, and demotion to substitute status. *See supra* Section III.B.i. First, Plaintiff was placed on reassignment in October 2022, seven months prior to filing the SDHR and EEOC complaints. Reassignment as a retaliatory response to his SDHR and EEOC complaints is therefore impossible. The same goes for some of his per-session denials, AC ¶¶ 130, 148, which occurred prior to his SDHR and EEOC complaints. Second, even though Plaintiff argues that other retaliatory actions "occurred directly after Plaintiff's complaints of discrimination in the workplace," Opp. at 22, he alleges nothing to suggest that when Principal St. Aubain and AP Crea Mason demoted him to substitute status, AC ¶ 153, or denied per-session requests, *id.* ¶¶ 154, 185, they were aware of his SDHR or EEOC complaints against the DOE. To demonstrate indirect causation, as Plaintiff seeks to do here, he must, at a minimum, plausibly allege that "the employer [knew] that the employee engaged in protected activity." *Doheny*, 714 F. Supp. 3d at 366. Finally, even if it were reasonable to infer that School administrators were aware of Plaintiff's agency complaints, Plaintiff's allegations of prior adverse actions (like earlier per-session denials and his reassignment) undermine his retaliation claim. "Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an

25

inference of retaliation does not arise." *Mitchell v. N.Y.C. Dep't of Educ.*, No. 24-cv-992, 2025 WL 978366, at *4 (2d Cir. Mar. 31, 2025).

### iii.   Hostile Work Environment

The ADEA prohibits "requiring people to work in a discriminatorily hostile or abusive environment." *Zoulas*, 400 F. Supp. 3d at 59.  A plaintiff bringing a hostile work environment claim must allege "that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014).  "This standard has both objective and subjective components:  the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Littlejohn v. City of New York*, 795 F.3d 297, 321 (2d Cir. 2015). [19] "The incidents complained of must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Id.*  Courts consider the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*  "Of course, it is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through other means, is actionable . . . only when it occurs because of an employee's protected characteristic," such as age. *Rivera*, 743 F.3d at 20.

---

[19]   *Littlejohn* addressed hostile work environment claims under Title VII, § 1981, and § 1983, but "the standards for evaluating hostile work environment claims are identical under Title VII and the ADEA." *Matthews v. City of New York*, No. 23-cv-3959, 2024 WL 4135483, at *7 (S.D.N.Y. Sept. 10, 2024).

Plaintiff's hostile work environment claim is predicated on allegations that, over the course of five years: school administrators interrupted Plaintiff's class to escort him to disciplinary or investigatory meetings, *see* AC ¶ 48, 115, 132, 183; school administrators reprimanded him in front of colleagues or students, *see id.* ¶¶ 115, 158, 189, 212; AP Crea Mason "ridicul[ed]" Plaintiff's lesson and teaching in front of students, *id.* ¶ 56; Principal Dwarka issued Plaintiff a disciplinary letter, alleging poor judgment for allegedly touching a student's hand, and noted the incident in Plaintiff's file although the allegations were found unsubstantiated, *id.* ¶ 64; AP Crea Mason "harass[ed]" and "angrily confronted" Plaintiff for failing students, *id.* ¶¶ 71, 93; Principal Dwarka was rude to him in a meeting by saying, "Excuse you," in a hostile tone, *id.* ¶ 107; and other vague and conclusory allegations of students, colleagues, or administrators "harassing" Plaintiff, *see, e.g., id.* ¶¶ 71, 80, 99, 104, 111, 163, 200.

Although the Court accepts that Plaintiff subjectively perceived these actions as hostile, the conduct complained of is not objectively severe or pervasive enough to plausibly allege a claim for hostile work environment. "Hostile work environment claims are meant to protect individuals from abuse and trauma that is severe. They are not intended to promote or enforce civility, gentility or even decency." *Blumstein-Torrella v. N.Y.C. Dep't of Educ.*, No. 19-cv-3492, 2024 WL 4973393, at *15 (S.D.N.Y. Sept. 7, 2024), *report and recommendation adopted*, 2024 WL 4835669 (S.D.N.Y. Nov. 20, 2024). "Excessive criticism and rudeness do not constitute a hostile work environment." *Id.* Moreover, the Amended Complaint fails to set forth a basis to support an inference that the complained-of acts were plausibly "because of" Plaintiff's age. *See Rivera*, 743 F.3d at 20.

In short, the Amended Complaint fails to plausibly allege that School administrators undertook sufficiently severe and pervasive conduct as to alter Plaintiff's employment conditions

27

and create an abusive working environment, because of his age. Therefore, Plaintiff's ADEA claim for hostile work environment against the DOE is dismissed.

### C.    ADA Claims

Plaintiff fails to plead plausible ADA claims for disability discrimination, retaliation, or hostile work environment. As an initial matter, Plaintiff does not sufficiently allege an essential element for any of these claims: that he suffers from a disability under the meaning of the ADA.

The ADA defines "disability" as (1) a physical or mental impairment that substantially limits one or more major life activities of an individual; (2) a record of such impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1). "Major life activities" include, but are not limited to, . . . seeing, hearing, eating, sleeping, walking, . . . , learning, reading, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2)(A). In determining whether an impairment substantially limits a major life activity, courts consider factors like "the nature and severity of the impairment; its duration or expected duration; and the existence of any actual or expected permanent or long term impact." *Passante v. Cambium Learning Grp.*, No. 23-cv-4060, 2024 WL 4171026, at *4 (E.D.N.Y. Sept. 12, 2024). A plaintiff alleging a work-related disability (*i.e.*, that working is the major life activity at issue), must plausibly allege "that the condition precludes him from working in a *class or broad range of jobs.*" *Woolf v. Strada*, 949 F.3d 89, 95 (2d Cir. 2020) (emphasis in original). There is a "well-established understanding that an employee's inability to perform a single, particular job does not constitute a substantial limitation." *Passante*, 2024 WL 4171026, at *4. "[E]mployees who are precluded only from doing their specific job, or from working under a specific supervisor, do not have a disability." *Id.*

28

Plaintiff alleges that he suffers from migraines that "significantly restrict[] him from walking, talking, sleeping, working, seeing, and maintaining balance during a migraine episode." AC ¶ 8. However, the Amended Complaint fails to plausibly allege that Plaintiff's migraines preclude him "from working in a class or broad range of jobs." *Woolf*, 949 F.3d at 95. Indeed, his pleadings indicate that his migraines were due to stress caused by working at this specific school. For example, Plaintiff alleges the migraines were caused by "escalation in tension at the School and the emotional trauma it provoked in him," AC ¶ 36, and that they were "triggered" and "severely exacerbated" by work stress and "escalating tension" at the School. *Id.* ¶¶ 36, 47, 67, 80, 82, 85, 156, 201, 210, 217. Plaintiff's periodic "inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Woolf*, 949 F.3d at 95, *aff'g sub nom. Woolf v. Bloomberg L.P.*, No. 16-cv-6953, 2019 WL 1046656, at *11 (S.D.N.Y. Mar. 5, 2019) (employee's migraines, induced by the stress of working under his direct supervisors, were not a disability within the meaning of the ADA, even though the migraines arguably affected his performance at work). Therefore, Plaintiff fails to plausibly allege that he has a "disability" within the meaning of the ADA, and his ADA claims against the DOE are dismissed.

### i.    Disability Discrimination

Even if Plaintiff had sufficiently alleged an ADA disability, his claims for disability discrimination, retaliation, and hostile work environment are nevertheless insufficiently pled. The ADA makes it unlawful to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To plead disability discrimination, a plaintiff must allege

29

that:  (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by his employer; (3) he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) he suffered an adverse employment action; and (5) the adverse action was imposed because of his disability. *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015).  Assuming, without deciding, that Plaintiff plausibly alleges the first four elements, the Amended Complaint fails on the fifth element:  but-for causation.

The adverse actions Plaintiff alleges for his ADA claims are identical to those for his ADEA claims, with the addition that he was "denied accommodations[.]"  AC ¶ 239.  For the reasons explained above, *see supra* Section III.B.i.1, of the overlapping allegations, only the per-session denials, reassignment away from the School, and demotion to substitute status potentially qualify as adverse actions.  As for Plaintiff's claim that he was "denied accommodations" after July 14, 2022, his allegations do not amount to an adverse employment action.

A defendant discriminates when he or she fails to make a "reasonable accommodation" that would permit a qualified disabled individual "to have access to and take a meaningful part in public services." *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640–41 (2d Cir. 2012).  Under the ADA, "reasonable accommodation" may include:  "(a) making . . . facilities . . . readily accessible to . . . individuals with disabilities; and (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, . . . , appropriate adjustment or modifications of examinations, training materials or policies, . . . , and other similar accommodations."  42 U.S.C. § 12111.

"Although a public entity must make 'reasonable accommodations,' it does not have to provide a disabled individual with every accommodation he requests or the accommodation of

30

his choice." *McElwee*, 700 F.3d at 641. "An accommodation is not reasonable if it would impose an undue hardship on a program's operation or would fundamentally alter the nature of the service, program, or activity." *Id.* Moreover, because workplace misconduct is a legitimate and nondiscriminatory reason for terminating (or disciplining) an employee, even when such misconduct is related to a disability, "a requested accommodation that simply excuses past misconduct is unreasonable as a matter of law." *Id.*

By way of background, Plaintiff alleges that he had previously informed School administrators of his migraines, ostensibly asking them to stop critiquing his performance and reprimanding him. For example, in 2020, he wrote to AP Huerzo about "ongoing attacks on performance over three years' time triggering migraines which escalated to lasting over a week[,]" AC ¶ 84, and in 2021, he wrote to AP Crea Mason,

> I have previously noted to you the sustained harassment and derogatory treatment you have directed towards me, berating me in front of my students and peers. As I noted in a previous communiqué, this unrelenting abuse directly provoked my spate of migraines and incidence of Shingles[,]

*Id.* ¶ 85. Nevertheless, disciplinary incidents and various other conflicts between Plaintiff and School administrators (predominantly AP Crea Mason) continued. *See generally id.* ¶¶ 86–156. On May 30, 2023, the day Plaintiff returned from reassignment, he told Principal St. Aubain and AP Crea Mason that his migraines had been escalating in response to "administrative harassment and retaliation[.]" *Id.* ¶ 156. It is not apparent exactly what accommodation Plaintiff sought, much less whether it was reasonable.

Two weeks later, on June 16, 2023, Plaintiff experienced migraines and took a week off from work. *Id.* ¶ 168. When he returned, the School's attendance secretary "refused to accept" Plaintiff's medical note for more than one day. *Id.* Plaintiff's absence was reported as unauthorized and charged to his salary. *Id.*; Opp. at 21. Plaintiff also alleges that the attendance

31

secretary "refused to provide Plaintiff with an exact accounting of how [his] attendance had been reported[.]" AC ¶ 168; *see* Opp. at 21. Again, it is not evident what accommodation he sought. Was his absence unannounced and he was asking for retroactive approval? Had he called in sick ahead of time, received approval, and then the attendance secretary declined to honor that approval? Was Plaintiff asking for extra sick days, beyond what he had already used? None of this is apparent from the pleadings. Thus, the only adverse actions plausibly alleged are the per-session denials, reassignment away from the School, and demotion to substitute status already discussed in Section III.B.i.

Plaintiff fails to allege that the adverse actions were imposed because of Plaintiff's migraines. "[T]he ADA requires a plaintiff alleging a claim of employment discrimination to prove that discrimination was the but-for cause of any adverse employment action." *Natofsky v. City of New York*, 921 F.3d 337, 348 (2d Cir. 2019). This but-for causation standard for discrimination applies at the pleading stage as well. *See Lively*, 6 F.4th at 303 (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 332 (2020)).

Plaintiff claims in conclusory fashion that "upon information and belief, non-disabled comparators did not receive this mistreatment in response to attendance." Opp. at 21. Plaintiff relies on the same comparators used in his ADEA claims, fellow music teachers at the School. *See* AC ¶ 16. For his conclusory allegations about comparators to survive dismissal, they must be accompanied by "enough factual allegations that are *not* made upon information and belief to 'raise a right to relief above the speculative level.'" *Gilford v. NYS Off. of Mental Health*, No. 17-cv-8033, 2019 WL 1113306, at *6 (S.D.N.Y. Mar. 11, 2019) (emphasis in original) (quoting *Twombly*, 550 U.S. at 555). Like with his ADEA pleadings, Plaintiff offers insufficient

32

facts to plausibly infer that the comparators were "similarly situated in all material respects," as he must. *Mirinaviciene*, 2025 WL 783646, at *2.

### ii.    Retaliation and Hostile Work Environment

Plaintiff relies on the same allegations and arguments for his ADEA and ADA retaliation and hostile work environment claims. *See* AC ¶¶ 237–40; Opp. at 21–24. "It is well settled that retaliation claims under the ADEA and ADA are analyzed under the same framework." *Santana v. Mount Vernon City Sch. Dist./Bd. of Educ.*, No. 20-cv-3212, 2021 WL 4523770, at *11 (S.D.N.Y. Sept. 30, 2021). So too, are hostile work environment claims under the ADA and ADEA evaluated under the same standards. *Bethea v. JP Morgan Chase & Co.*, No. 15-cv-3544, 2019 WL 4805141, at *10 n.18 (E.D.N.Y. Sept. 30, 2019). For the same reasons Plaintiff failed to plausibly allege retaliation and hostile work environment under the ADEA, *see supra* Sections III.B.ii and iii, Plaintiff also fails to plausibly allege these same claims under the ADA.

In short, Plaintiff fails to plausibly allege that he had a disability under the ADA or that the School undertook actionable conduct because of his migraines. Therefore, Plaintiff's ADA claims for disability discrimination, retaliation, and hostile work environment are dismissed.

### IV.    State Law Claims

Where, as here, all claims over which the Court had original jurisdiction have been dismissed, the Court may decline to exercise supplemental jurisdiction over remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). When "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction[.]" *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018). To determine whether it is proper to decline to hear the state law claims, courts balance "judicial economy, convenience, fairness, and comity." *Id.* "In the context of employment discrimination cases, courts . . . routinely decline to

33

exercise supplemental jurisdiction over state- and city-law claims when the federal claims have been dismissed." *Munck v. Simons Found.*, No. 23-cv-9188, 2024 WL 4307776, at *9 (S.D.N.Y. Sept. 26, 2024).

Courts may also decline to retain the state law claims where the claims are subject to different standards than the federal claims. *Hansen v. City of New York*, No. 24-cv-2808, 2025 WL 588119, at *9 (S.D.N.Y. Feb. 24, 2025) ("[T]he Court declines to exercise supplemental jurisdiction over [plaintiff's] other state and local claims because they are subject to different standards and must be analyzed separately."). Here, all of Plaintiff's state law claims— intentional infliction of emotional distress, libel, conspiracy to commit fraud, and even his claims under the NYSHRL and NYCHRL—would be analyzed under different standards than his federal claims.

Because the Court has dismissed all federal claims in this case, and because the remaining state law claims would be analyzed under different standards, the Court finds it to be in the interest of judicial economy to decline to exercise supplemental jurisdiction over the remaining state law claims.

## V.    Leave to Amend

The Court declines Plaintiff's request for leave to file a second amended complaint. *See* Opp. at 11. Plaintiff offers no explanation of how he intends to further amend his pleadings to provide additional facts not already set forth in his Amended Complaint. *See Gregory v. ProNAi Therapeutics Inc.*, 757 F. App'x 35, 39 (2d Cir. 2018) (affirming denial of leave to amend where "plaintiffs sought leave to amend in a footnote at the end of their opposition to defendants' motion to dismiss" and "included no proposed amendments"). In any event, because the Court considered allegations raised in the Opposition as if they were included in the formal pleadings,

Plaintiff has effectively already been given a second opportunity to amend his complaint. *See McKeever v. Singas*, No. 17-cv-4996, 2022 WL 5430426, at *2, *15 (E.D.N.Y. June 16, 2022) (considering allegations raised for the first time in *pro se* plaintiff's opposition in deciding a motion to dismiss and denying plaintiff leave to file a third amended complaint), *report and recommendation adopted as modified*, 2022 WL 4095558 (E.D.N.Y. Sept. 7, 2022). That is already more than the Second Circuit ordinarily requires, and further leave to replead would be futile. *See Applewhite v. N.Y.C. Dep't of Educ.*, No. 21-cv-2928, 2024 WL 3718675, at *21 (E.D.N.Y. Aug. 8, 2024), *aff'd sub nom. Applewhite v. N.Y.C. Dep't of Educ.*, No. 24-cv-2131, 2025 WL 783650 (2d Cir. Mar. 12, 2025). Plaintiff is therefore denied a further opportunity to amend.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss. *See* ECF No. 41. Plaintiff's federal claims for violations of the First Amendment, Title IX, the ADEA, and the ADA are dismissed with prejudice for failure to state a claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismisses those claims without prejudice. All claims having been dismissed, the Clerk of Court is respectfully directed to enter judgment consistent with this Order, close this case, and mail a copy of this order to *pro se* Plaintiff.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
July 18, 2025

35

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL EISENBERG,

             Plaintiff,

    v.

NEW YORK CITY DEPARTMENT OF
EDUCATION, *et al.*,

             Defendants.

**MEMORANDUM & ORDER**
24-CV-01661 (HG) (VMS)

**HECTOR GONZALEZ**, United States District Judge:

On July 18, 2025, I granted Defendants' motion to dismiss the Amended Complaint

("AC"), finding that Plaintiff failed to state a federal claim upon which relief could be granted

and declining to exercise supplemental jurisdiction over his state law claims. *See Eisenberg v.*

*New York City Dep't of Educ.*, No. 24-cv-01661, 2025 WL 2022093, at *3 (E.D.N.Y. July 18,

2025) ("Dismissal Order"). The Clerk of Court entered judgment against Plaintiff on July 21,

2025. ECF No. 74 (Judgment).[1] Twenty-eight days later, on August 15, 2025, Plaintiff filed a

motion seeking an order: (i) vacating the dismissal; (ii) altering or amending the Judgment; and

(iii) granting him leave to file a proposed second amended complaint, under Fed. R. Civ. P.

59(e), 60(a), 60(b), and 15(a)(2). *See* ECF No. 75 at 7, 22 (Plaintiff's Motion, or "Mot.").[2] For

the reasons stated herein, Plaintiff's motion is DENIED.

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[2]     Plaintiff is a licensed attorney. Although he repeatedly emphasizes that he is proceeding *pro se*, the Court does not afford Plaintiff the special latitude generally granted to *pro se* litigants for the reasons the Court has already explained to him on several occasions. *See* December 16, 2024, Text Order; December 27, 2024, Text Order; *Eisenberg*, 2025 WL 2022093, at *1 n.1.

## LEGAL STANDARD

Rule 59(e) permits a party to move to alter or amend a judgment within 28 days of entry of the judgment. *See* Fed. R. Civ. P. 59(e). "A court may grant such a motion where: (1) there is an intervening change in controlling law; (2) new evidence previously unavailable comes to light; or (3) it is necessary to remedy clear error of law or to prevent manifest injustice." *SuperCom, Ltd. v. Sabby Volatility Warrant Master Fund Ltd.*, No. 21-cv-2857, 2023 WL 3919450, at *1 (S.D.N.Y. Mar. 15, 2023) (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). "Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008). Nevertheless, "[t]he standard for granting a motion for reconsideration is strict, and the motion will be denied unless the movant points to controlling decisions or information that the court did not previously consider and that could reasonably be expected to alter the court's conclusion." *SuperCom*, 2023 WL 3919450, at *1 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008).

Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "A motion under Rule 60(a) is available only to correct a judgment for the purpose of reflecting accurately a decision that the court actually made[,]" not to alter the parties' substantive rights. *See Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001); *see also*

*Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir.1994) ("To be correctable under Rule 60(a), the [alleged error] in a judgment must fail to reflect the actual intention of the court."). "Rule 60(a) is not meant to provide a way for parties to relitigate matters already decided, to change errors in what a court has deliberately done, or to attempt to establish a right to relief which the court has not previously recognized." *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 956 F. Supp. 2d 402, 409 (E.D.N.Y. 2013).

Rule 60(b) permits a court to relieve a party from a final judgment for certain enumerated reasons. *See* Fed. R. Civ. P. 60(b)(1)–(6). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Indeed, "for such a motion to succeed the movant must present highly convincing evidence in support of the motion, show good cause for the failure to act sooner, and show that no undue hardship will be imposed on the non-moving party as a result." *Whiddon v. Buzzfeed, Inc.*, No. 22-cv-4696, 2022 WL 17632593, at *5 (S.D.N.Y. Dec. 13, 2022) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Djenasevic v. New York*, No. 17-cv-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019).

## DISCUSSION

### I.      Rule 59(e)

Plaintiff moves to vacate the Judgment under Fed. R. Civ. P. 59(e) "based on newly discovered evidence produced to Plaintiff in discovery by Defense first on April 17, 2025[,] and continuing through July 2, 2025." *See* Mot. at 8. "Whether relief is sought under Rule 59(e) or

3

Rule 60(b)(2), courts apply the same strict standard, and decisions under either are authoritative." *Francis v. Culley*, No. 20-cv-3326, 2021 WL 3660719, at \*9 n.14 (E.D.N.Y. Aug. 18, 2021).[3]

"The party seeking relief from judgment has an onerous standard to meet." *United States v. Int'l Bd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001).

> To prevail on a motion for relief from a judgment on the grounds of newly discovered evidence, a party must establish that: (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146–47 (2d Cir. 2020). Here, the analysis need not go any further than the second factor, where it fails.

### A.    *Justifiable Ignorance, Despite Due Diligence*

Plaintiff fails to demonstrate that he was justifiably ignorant of the facts despite due diligence. "Evidence is not 'newly discovered' if it was in the moving party's possession prior to the entry of judgment." *Johnson v. Askin Cap. Mgmt., L.P.*, 202 F.R.D. 112, 114 (S.D.N.Y. 2001). Indeed, "it is beyond cavil that evidence that was actually in the possession of the movant prior to the challenged order or judgment cannot form the basis for a [Rule 59(e) or] 60(b) motion." *Miller v. Norton*, No. 04-cv-3223, 2008 WL 1902233, at \*4 (E.D.N.Y. Apr. 28, 2008), *aff'd sub nom. Miller v. Kempthorne*, 357 F. App'x 384 (2d Cir. 2009).

---

[3]    Plaintiff does not appear to bring a motion under Fed. R. Civ. P. 60(b)(2). But to the extent he intended to do so, the Court construes that portion of Plaintiff's motion to be brought under Rule 59(e) because he filed his motion within 28 days of the Judgment. *See, e.g., Lucio v. New York City Dep't of Educ. & Marie Douyon*, No. 12-cv-247, 2013 WL 12084546, at \*2 (S.D.N.Y. May 16, 2013) ("Notwithstanding a plaintiff's own reliance on Rule 60(b), where a post-judgment motion is timely filed and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.") (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir. 1982)).

4

As Defendants correctly point out, at least some of the evidence Plaintiff attaches was either already in his possession, *e.g.*, his own emails, or could have been obtained by him earlier, *e.g.*, the New York Post article he pulled from the Wayback Machine.[4] *See* ECF No. 82 at 10–12 (Defendants' Opposition, or "Opp."). Such evidence cannot form the basis of a Rule 59(e) motion.

Likewise, the evidence that Plaintiff obtained through Defendants' productions in this action was also in his possession before the Judgment was entered. Although his motion is vague about when he obtained each piece of "new evidence,"[5] Plaintiff received the latest of these documents on July 2, 2025, and the Judgment was entered on July 21, 2025—19 days later. Plaintiff argues that the partial discovery provided on July 2, 2025, "could not have been presented to the Court prior to its decision on Defendants' motion to dismiss, despite Plaintiff's diligent efforts" because he was "in an inaccessible location" from June 23, 2025, to July 19, 2025. *See* ECF No. 85 at 2 (Plaintiff's Reply in Support of Motion, or "Reply"). Yet during Plaintiff's time in the "inaccessible location," he was still vigorously litigating this matter—including by filing five separate docket entries.[6] Plaintiff's failure to review the documents in

---

[4]    The Wayback Machine is a free internet tool that captures and archives snapshots of websites. *See* https://archive.org/about/.

[5]    *See, e.g.*, Mot. at 8 ("The evidence, primarily obtained from Defense disclosures on July 2, 2025, *or through subsequent diligent research . . . .*") (emphasis added); *id.* at 9 ("A significant portion of the new information . . . was unknown until July 2, 2025, *or notice was received long after the events*) (emphasis added).

[6]    *See* ECF No. 67 (Plaintiff's Opposition to Defendants' Motion for a Protective Order, filed at 7:38 A.M. on June 27, 2025); ECF No. 68 (Plaintiff's First Set of Requests for Admission, filed at 11:36 A.M. on June 27, 2025); ECF No. 70 (Plaintiff's Letter to Magistrate Judge Scanlon, filed at 10:21 A.M. on July 9, 2025); ECF No. 71 (Copy of Plaintiff's Email to Defendants' Counsel re: Deadlines, filed at 10:21 A.M. on July 9, 2025); ECF No. 72 (Plaintiff's Letter to Magistrate Judge Scanlon, filed at 6:09 A.M. on July 11, 2025).

5

the 19 days between Defendants' production and the Judgment constitutes neither "justifiable ignorance" nor "due diligence" for Rule 59(e) purposes.

### B.   Admissibility and Outcome-Changing Probability

In any event, Plaintiff also fails to demonstrate that the "newly discovered" evidence is (i) admissible, and (ii) of such importance that it probably would have prevented dismissal of this action. *See Metzler*, 970 F.3d at 146–47.  First, Plaintiff states only in conclusory fashion that "[t]he new evidence is admissible," Mot. at 9, without offering any explanation.  Additionally, while Plaintiff claims that the new evidence "profoundly impacts the probable outcome," and "directly addresses the Court's identified deficiencies," *id.*, none of the evidence he attaches would have changed the outcome of the motion to dismiss.[7]

For example, Plaintiff attaches exhibits containing details of workplace complaints against him, including sexual harassment allegations of which he was previously unaware. *See* ECF Nos. 79-4; 79-5; 79-6; 79-8.  He presents these exhibits as additional allegedly adverse actions. *See* Mot. at 8 (describing ECF Nos. 79-5 and 79-8 as "New Unnoticed Retaliatory Investigations"); ECF No. 77 at 1 (List of Selected New Evidence) (describing same as "Adverse Actions").  Yet Plaintiff fails to meet his burden to demonstrate that these exhibits are "of such importance that [they] probably would have" prevented dismissal of this action. *See Metzler*, 970 F.3d at 146–47.  Plaintiff does not explain how evidence of these investigations resolves the

---

[7]      As for "new evidence" that Plaintiff vaguely describes without attaching, *see* Mot. at 9 (describing Defendants' emails and internal discussions), I decline to credit his self-serving and conclusory descriptions.  His descriptions, even if they had been included in the AC, cannot advance a finding of facial plausibility for any of Plaintiff's federal claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.").

AC's failure to plausibly allege a causal connection between (i) alleged adverse employment actions and (ii) his protected speech (*i.e.*, his union activities from 2017–present and his "whistleblowing" in June and October of 2022). *See Eisenberg*, 2025 WL 2022093, at *4–5. The AC's temporal proximity issue remains unresolved, *see id.*, given that these "newly discovered" investigations occurred either prior to or over a year after his alleged whistleblowing. *See* ECF No. 79-6 (workplace complaint filed by Assistant Principal Morales on February 2, 2022); ECF No. 79-4 (workplace complaint filed by Assistant Principal Morales on April 6, 2022); ECF No. 79-8 (workplace complaint filed by Assistant Principal Morales on July 20, 2023); ECF No. 79-5 (workplace complaint filed by Assistant Principal Young sometime between September 18, 2024, and December 17, 2024). And the AC's failure to plausibly allege Defendants' knowledge of the protected speech also remains unresolved, as none of the exhibits suggest that any of the Defendants knew about Plaintiff's whistleblowing or union activities. *See Eisenberg*, 2025 WL 2022093, at *4–5. Nor do the exhibits indicate that the workplace complaints against Plaintiff led to disciplinary charges, as required for a retaliation claim. *See, e.g.*, *McGrath v. Arroyo*, No. 17-cv-1461, 2019 WL 3754459, at *11 (E.D.N.Y. Aug. 8, 2019) ("When an employer undertakes a fact finding investigation in response to a complaint, that fact finding investigation is not itself grounds for a retaliation claim. Indeed, the law must give breathing room for such investigations to be carried out.") (citing *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 146–47 (2d Cir. 2014); *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568–70 (2d Cir. 2011)). In short, the allegedly "newly discovered evidence" that Plaintiff attaches does not change my conclusion that Plaintiff failed to state a federal claim upon which relief could be granted.

## II.    Rule 60(a)

Plaintiff next seeks to vacate the Judgment under Fed. R. Civ. P. 60(a) by arguing that I overlooked or misconstrued allegations in the AC. *See* Mot. at 7, 11 ("[T]he Court's interpretation of the []AC inadvertently overlooked or misconstrued certain well-pleaded factual allegations, leading to an incomplete assessment of Plaintiff's claims."); Reply at 3 ("[The Court's] omissions and inadvertent inaccurate representations of the factual allegations pled prejudice Plaintiff's fair presentation of his case and thus warrant vacatur.").

"Rule 60(a) allows for the correction of clerical mistakes, oversights, and omissions in order to implement the result intended by the court at the time an order was entered." *Weiming Chen v. Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. 2015) (citing *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150 (2d Cir.1999)). "However, a court acting pursuant to Rule 60(a) may not make changes that alter the original meaning of an order to correct a legal or factual error." *Id.*

Plaintiff goes on at length about why he disagrees with my decision, going so far as to submit dozens of pages of "comprehensive clarifications, new information and evidence, and direct responses to the Court's identified deficiencies in the []AC," which he claims "decisively address[es] and cur[es] the defect of futility identified by the Court." Mot. at 7, 11–14; *see also generally* ECF No. 76 (Plaintiff's Responses to Specific Pleading Defects Noted in Dismissal Order); Reply at 3–4. However, he fails to identify any clerical errors, oversights, or omissions in the Dismissal Order that would provide a basis for Rule 60(a) relief.[8] The 35-page Dismissal

---

[8]    Although Plaintiff lists what he considers to be "omissions, misstatements, and misconstructions of the []AC pleadings" by the Court, *see* Reply at 3–4, these amount to revisionist readings of the Amended Complaint that the Court does not credit. For example, Plaintiff points to a parenthetical in the background section of the Dismissal Order, which mentioned that "at least some of" the sexual misconduct allegations filed by students and colleagues against Plaintiff were later determined to be unsubstantiated. *See id.* at 4 (citing

8

Order accurately reflects my decision to dismiss Plaintiff's federal claims with prejudice for failure to state a claim and my decision to decline to exercise supplemental jurisdiction over his state law claims. *See Weiming*, 595 F. App'x at 80. Plaintiff's invocation of Rule 60(a) is an improper attempt to re-litigate that dismissal.

### III. Rule 60(b)(3)

Next, Plaintiff argues that the Judgment should be vacated under Fed. R. Civ. P. 60(b)(3), due to "Defendants' misrepresentation and misconduct[.]" Mot. at 14–15; *see also* Reply at 2–3. Rule 60(b)(3) provides for relief from judgment where there is "fraud [], misrepresentation, or misconduct by an opposing party." *See* Fed. R. Civ. P. 60(b)(3). "A Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations[.]" *Entral Grp. Int'l, LLC v. 7 Day Cafe & Bar*, 298 F. App'x 43, 44 (2d Cir. 2008) (citing *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)). To prevail, "a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *Id.* (citing *State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004)).

---

*Eisenberg*, 2025 WL 2022093 at *2). He now claims to have pled that "*all* allegations" against him were found unsubstantiated, Reply at 4 (citing AC ¶ 269) (emphasis in original), and therefore the Court misconstrued his pleadings and should vacate the dismissal. Not so. The specific sentence Plaintiff cites, AC ¶ 269, related solely to a state law libel claim over which I declined to exercise supplemental jurisdiction. That sentence had no bearing on my finding that Plaintiff failed to adequately plead any federal claims. Plaintiff's argument is unsupported by the actual content and context of AC ¶ 269. Plaintiff did not allege that *all* of the sexual misconduct allegations filed by students and colleagues against him were found unsubstantiated, as he now claims. AC ¶ 269 merely alleged that an investigation into the "Schettini" incident found the related allegations of sexual harassment made by two of Plaintiff's colleagues to be unsubstantiated. *See* AC ¶¶ 109, 258–77.

9

According to Plaintiff, Defendants "knowingly misrepresented that the investigation initiated on September 15, 2022, actually commenced on April 6, 2022" to "break the chain of causation" between Plaintiff's whistleblowing activity in June 2022 and his subsequent reassignment and removal from classes in October 2022. *See* Mot. at 14–15; *see also* Reply at 3. Plaintiff claims that Defendants' deliberate withholding of this "material information, despite discovery obligations, underscores Defendants' intent to mislead the Court and obstruct justice." Mot. at 15. Defendants, in turn, characterize Plaintiff's argument as "unfounded and baseless" and argue that "the documents attached to Plaintiff's own motion papers confirm that the complaint was referred for investigation on April 6, 2022, and there is no factual basis for the September 15 date he asserts." Opp. at 13.

I agree with Defendants that none of the documents Plaintiff cites to or attaches "clearly establish an investigation start date of September 15, 2022," as he claims. Reply at 3. Upon careful review of Plaintiff's exhibits, none even mentions that date. *See* ECF Nos. 78–79. Nor does Plaintiff demonstrate that Defendants prevented him from fully and fairly presenting his case. This is especially apparent when considering that Plaintiff already raised the September 15 argument in his opposition to the motion to dismiss, *see* ECF No. 42 at 28 (accusing Defendants of "erroneous assertions regarding the timeline of Plaintiff's reassignment"), and the Dismissal Order explained that he would need more than allegations of temporal proximity to demonstrate a causal connection between his whistleblowing and alleged adverse employment actions. *See Eisenberg*, 2025 WL 2022093, at *5. In short, Plaintiff fails to meet his burden to demonstrate clear and convincing evidence of fraud, material misrepresentations, or misconduct by Defendants that prevented Plaintiff from fully and fairly litigating his case. *See Entral*, 298 F. App'x at 44.

10

## IV.    Rule 60(b)(6)

To the extent Plaintiff seeks relief under Rule 60(b)(6), his motion is further denied. Rule 60(b)(6) "'only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)–(5).'" *Gustavia Home, LLC v. Hoyer*, No. 16-cv-4015, 2022 WL 875096, at *4 (E.D.N.Y. Mar. 23, 2022) (quoting *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000)); *see also ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) ("Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply[.]"). Here, Rule 60(b)(3) squarely covers Plaintiff's argument that the Judgment should be vacated due to Defendants' purported misrepresentation of an investigation's commencement date, *see* Mot. at 15–16.

## V.    Leave to File a Proposed Second Amended Complaint

Finally, although a judgment was entered and this case is closed, Plaintiff seeks leave to file a proposed second amended complaint.[9] *See* Mot. at 7. "It is well established that a party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Metzler*, 970 F.3d at 142. Indeed, "it would be contradictory to entertain a motion to amend the complaint without a valid basis to vacate the

---

[9]    As I noted when denying his request to file a third complaint in this case, Plaintiff had effectively already been given two opportunities to amend his pleadings. *See Eisenberg*, 2025 WL 2022093, at *16. Plaintiff made his first request for leave to amend, ECF No. 32, on December 11, 2024—seven months after his right to amend under Rule 15(a)(1) had expired, and three months after Defendants' motion to dismiss the Complaint was fully-briefed, *see* ECF No. 26 (Defendants' First Motion to Dismiss); ECF No. 27 (Plaintiff's First Opposition); ECF No. 28 (Defendants' First Reply). I granted that request after giving Defendants an opportunity to be heard. *See* January 9, 2025, Text Order. Then, in deciding Defendants' motion to dismiss the AC, *see* ECF No. 41 (Defendants' Second Motion to Dismiss); ECF No. 42 (Plaintiff's Second Opposition); ECF No. 44 (Defendants' Second Reply), I granted Plaintiff leeway by considering new allegations raised in his Opposition, even though he is a licensed attorney. *See Eisenberg*, 2025 WL 2022093, at *16.

11

previously entered judgment." *Id.* "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Id.* "If there is no basis to vacate or set aside the judgment, the [moving] party should not be granted the opportunity to file an amended pleading." *Obra Pia Ltd. v. Seagrape Investors LLC*, No. 19-cv-7840, 2021 WL 1978545, at *3 (S.D.N.Y. May 18, 2021). Accordingly, Plaintiff's request to file a second amended complaint is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion seeking to vacate, alter, or amend the judgment in this case and to file a second amended complaint, *see* ECF No. 75, is DENIED.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
January 2, 2026

12